HOLME ROBERTS & OWEN LLP
Shawn T. Welch, #7113
Robert P.K. Mooney, #10789
Elizabeth B. Harris, #11173
299 South Main Street, Suite 1800
Salt Lake City, Utah  84111-2263
Telephone:   (801) 521-5800
Facsimile:    (801) 521-9639

Attorneys for Plaintiff Kane County, a Utah political subdivision

---

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| KANE COUNTY, UTAH, a Utah political subdivision, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | **COMPLAINT** <br><br> Case No. _____ <br> Judge: |

---

Kane County, Utah ("Kane County"), a Utah political subdivision, for its Complaint against the United States of America, hereby alleges as follows:

### JURISDICTION AND VENUE

1.    The claims asserted herein arise under the Quiet Title Act. 28 U.S.C. § 2409a.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 2409a (quiet title) and 28 U.S.C. § 1346(f) (quiet title), as this case involves Kane County's claim to ownership of a public highway right-of-way crossing lands owned by the United States of America.

3.    Venue is proper in this Court under 28 U.S.C. § 1391(e), as the lands which are the subject of this lawsuit are located in Kane County, State of Utah.

4.      A case or controversy has arisen over Kane County's ownership of the public highway rights-of-way described herein.

## PARTIES AND INTEREST

5.      Kane County is a local political subdivision of the State of Utah, duly authorized to maintain this action.  *See* Utah Code Ann. § 17-50-302(2).

6.      Kane County owns title to, and has statutory duties regarding, public roads and rights-of-way for such public roads, that lie within Kane County, Utah, *inter alia*, pursuant to Utah Code Ann. §§ 72-3-103, 72-5-103–105, and 72-5-302.

7.      Defendant United States of America is the fee owner of the lands traversed by and subject to the roads and rights-of-way claimed in this action.

## CONGRESSIONAL GRANT OF THE RIGHT-OF-WAY FOR THE MILL CREEK AND BALD KNOLL ROADS

8.      Section 8 of the Mining Law of 1866, 14 Stat. 253, later codified as Revised Statute 2477, and 43 U.S.C. § 932 (repealed) (hereinafter "R.S. 2477"), provides: "*And be it further enacted*, That the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted."

9.      R.S. 2477 was an open congressional grant of public highway rights-of-way for the benefit of miners, ranchers, homesteaders and members of the public who had need to travel across public lands.

10.      Acceptance and vesting of R.S. 2477 rights-of-way required no administrative formalities: no entry, no application, no license, no patent, and no deed on the federal side; no formal act of public acceptance on the part of the states or localities in whom the right was vested.  *See* SUWA v. BLM, 425 F.3d 735, 741 (10th Cir. 2005).  R.S. 2477 operated as standing

2

offer of a right-of-way over the public domain, and the grant may be accepted without formal action by public authorities.  Id.

11.     As a matter of federal law, R.S. 2477 borrows from state law relating to acceptance and scope of such rights-of-way.

12.     During the operation of the grant, R.S. 2477 rights-of-way vested by acts of the public or governmental entities evidencing the acceptance of public highway rights-of-way, including the construction or establishment of public highways across unreserved public lands according to the requirements of state law or by acts of the appropriate governmental entity evidencing acceptance of public highway rights-of-way.

13.     Congressionally granted R.S. 2477 public highway rights-of-way are property interests, sometimes considered a species of easement.

14.     The scope of an R.S. 2477 right-of-way includes the course and location of the public highway so established, accepted and used, and that which is reasonable and necessary under the specific circumstances of the road.

15.     A vested R.S. 2477 right-of-way is not restricted to the beaten path and includes reasonable progression of the uses to which it has been put as long as such are reasonable and necessary under the circumstances.

16.     The scope of an R.S. 2477 right-of-way includes the physical boundaries of the public highway right-of-way accepted and used, and that which is reasonable and necessary to accommodate the exigencies of the uses to which it has been put according to sound engineering practices that protect the travelling public, the features of the road, and that prevent undue degradation of adjacent lands.

17.     The congressional grant of public highway rights-of-way embodied by R.S. 2477 operated on public lands, while not reserved for public uses, for 110 years until it was repealed on October 21, 1976 by the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. § 1701 *et seq.*

18.     In repealing R.S. 2477, Congress preserved accepted R.S. 2477 rights-of-way as valid existing rights and expressly directed the United States and its subordinate agencies to manage federal lands subject to these valid existing rights.  FLPMA Section 701(h) provides: "All actions by the Secretary concerned under this Act shall be subject to valid existing rights." 43 U.S.C. § 1701, note.  *See also* 43 U.S.C. § 1769(a) ("Nothing in this subchapter shall have the effect of terminating any right-of-way or right of use heretofore issued, granted or permitted.").

19.     In Utah, vested R.S. 2477 public highway rights-of-way remain as valid existing property rights until abandoned by formal action of the governmental owner.

20.     R.S. 2477 public highway rights-of-way serve to benefit the public and accomplish the congressional intent of promoting the public good through securing safe and efficient means of travel across public lands.

## LONG-STANDING DEPARTMENT OF INTERIOR INTERPRETATION OF R.S. 2477

21.     The United States Department of Interior, has long agreed that State law governs the acceptance and scope of R.S. 2477 rights-of-way.

22.     For internal planning purposes, the Department of Interior adopted numerous regulations and policies interpreting the congressional grant of R.S. 2477 rights-of-way.  These regulations and policies served to ensure that the Department of Interior would comply with its statutory duty to manage the public lands subject to valid existing rights.

#237693 v1

23.     As of and following 1939, R.S. 2477 interpretive regulations found at 43 C.F.R. §

244.55 (1939) stated:

> [R.S. 2477] becomes effective upon the construction or establishing
> of highways, in accordance with the State laws, over public lands
> not reserved for public uses.  No application should be filed under
> said R.S. 2477 as no action on the part of the Federal Government is
> necessary.

24.     As of and following 1963, R.S. 2477 interpretive regulations found at 43 C.F.R. §

244.58 (1963) stated:

> Grants of [R.S. 2477 rights-of-way] become effective upon the
> construction or establishment of highways, in accordance with the
> State laws, over public lands, not reserved for public uses.  No
> application should be filed under R.S. 2477, as no action on the part
> of the Government is necessary.

25.     As of and following 1974, R.S. 2477 interpretive regulations found at 43 C.F.R.

§§ 2822.1-2 & 2822.2-1 (1974) stated:

> No application should be filed under R.S. 2477, as no action on the
> part of the Government is necessary. … Grants of [R.S. 2477 rights-
> of-way] become effective upon the construction or establishment of
> highways, in accordance with the State laws, over public lands, not
> reserved for public uses.

26.     As of and following 1986, R.S. 2477 interpretive policies stated in BLM Manual,

R.2-229 stated:

> When public funds have been spent on the road it shall be
> considered a public road.  When the history of the road is unknown
> or questionable, its existence in a condition suitable for public use is
> evidence that construction sufficient to cause a grant under RS 2477
> has taken place.

27.     R.S. 2477 case law and long-standing United States Department of Interior

interpretation establish the scope of the R.S. 2477 rights-of-way claimed herein to be that which

is reasonable and necessary to ensure safe travel and passage of vehicles on a two lane road, including a 66 foot right-of-way (33 feet from the centerline descriptions provided herein).

28.     The scope of an R.S 2477 right-of-way is not limited to the beaten path, but includes that which is reasonable and necessary to accommodate improving the road to accommodate two lanes of travel according to safe highway engineering practice.

### ACCEPTANCE AND SCOPE OF KANE COUNTY'S R.S. 2477 RIGHT-OF-WAY FOR THE MILL CREEK AND BALD KNOLL ROADS

29.     After 1866 and prior to the repeal of R.S. 2477 on October 21, 1976, Kane County, by and on behalf of the public, accepted R.S. 2477 rights-of-way for the Mill Creek and Bald Knoll Roads described herein on public lands not reserved for public uses.

30.     At the relevant times herein State law provided that a public highway right-of-way was dedicated and accepted under the jurisdiction and control of the local highway authority (Kane County) by designating the highway as a county road and expending public funds to construct and maintain the road.  *See* Utah Code Ann. § 72-3-103 (prior law in accord); *see also* Utah Code Ann. §27-12-22 (1963).

31.     At the relevant times herein State law provided that a public highway right-of-way is considered "dedicated and abandoned to the use of the public when it has been continuously used as a public thoroughfare for a period of ten years."  Utah Code Ann. § 72-5-104 (prior law in accord).

32.     As shown herein, the R.S. 2477 public highway rights-of-way for the Mill Creek and the Bald Knoll roads were accepted by Kane County's designation of these roads as public highways and expending public funds to construct and maintain these roads prior to October 21, 1976.

6

33.     As shown herein, the R.S. 2477 public highway rights-of-way for the Mill Creek

and the Bald Knoll roads were accepted by continuous use as public thoroughfares for a period in

excess of ten years prior to October 21, 1976.

34.     Kane County's vested public highway rights-of-way for the Mill Creek and Bald

Knoll roads continue as valid existing rights until abandoned by Kane County as the local

highway authority having jurisdiction.  *See* Utah Code Ann. §§ 72-5-103 – 105.

35.     Kane County has not abandoned the public highway rights-of-way for the Mill

Creek or Bald Knoll roads claimed herein.

## THE MILL CREEK AND BALD KNOLL ROADS

36.     The Mill Creek and Bald Knoll roads are located in western Kane County,

approximately 20 miles northeast of Kanab, Utah.

37.     The Mill Creek and Bald Knoll roads cross private and public lands within

Townships 40 and 41 South, Ranges 4.5 and 5 West, S.L.M.  The course and location of the Mill

Creek and Bald Knoll roads are shown on Exhibit 1 attached and incorporated herein.

38.     The surveyed centerline of the Mill Creek and Bald Knoll roads shown in Exhibit

1 were plotted using NAD83 mapping grade Global Positioning Survey ("GPS") data collected

by Kane County road personnel.  This centerline data has been verified, confirmed by on the

ground inspection and reference to pre-1976 aerial photography, and overlaid upon United States

Geological Survey topographic maps.

39.     The road segments claimed herein and described in the GPS data attached hereto

include only those portions of the roads crossing public lands (depicted in yellow) on Exhibit 1.

The road segments crossing private lands (depicted in gray) are not at issue nor claimed herein.

7

A.   **THE MILL CREEK ROAD**

40.     The Mill Creek road is designated as Kane County road number K4400.  The Mill Creek road claimed herein includes segments also known as the Tenny Creek road K4410 and the Oak Canyon road K4405.  *See* Exhibit 1.

41.     The south end of the Mill Creek road K4400 commences at its intersection with the Skutumpah Road on private land in the NW quarter of section 5, Township 41 South, Range 4.5 West, S.L.M., and proceeds in a northerly direction a little over six miles to its end at three gates on private property in the SWSE of section 34, Township 39 South, Range 4.5 West, in the NWNE of section 5, Township 40 South, Range 4.5 West, S.L.M., and in the SESW of section 6, Township 40 South, Range 4.5 West, S.L.M.  *See* Exhibit 1.

42.      The specific right-of-way for the Mill Creek road on public lands claimed herein includes:

        a.     K4400 Segment 1, consisting of .44 miles more or less commencing in the NESE of section 29, Township 40 South, Range 4.5 West, S.L.M., and ending in the SENE of section 29, Township 40 South, Range 4.5 West, S.L.M.  The NAD83 mapping grade GPS data plotting the centerline and course of the Mill Creek road K4400 Segment 1 right-of-way claimed herein is attached hereto as Exhibit 2 and incorporated by reference.

        b.     K4400 Segment 2, consisting of 4.01 miles more or less commencing in the SENE of section 20, Township 40 South Range 4.5 West, S.L.M., proceeding northerly across sections 20, 17, 8, 5 and 6, and ending at a gate on private property in the SWSE of section 34, Township 39 South, Range 4.5 West, S.L.M.  The NAD83 mapping grade GPS data

8

plotting the precise centerline course of the Mill Creek road K4400 Segment 2 right-of-way claimed herein is attached hereto as Exhibit 3 and incorporated by reference.

        c.    K4410 Segment 3, also known as the Tenny Creek road, consisting of .4705 miles more or less commencing at its intersection with the previously described main Mill Creek road K4400 Segment 2 in the SWSE of section 5, Township 40 South, Range 4.5 West, S.L.M., and proceeding north to its end at a gate on private property in the NWNE of section 5, Township 40 South, Range 4.5 West., S.L.M.  The NAD83 mapping grade GPS data plotting the centerline course of this segment of right-of-way claimed herein is attached hereto as Exhibit 4 and incorporated by reference.

        d.    K4405 Segment 4, also known as the Oak Canyon road, consisting of .6629 miles more or less commencing at its intersection with the previously described main Mill Creek road K4400 Segment 2 in the SENE of section 6, Township 40 South, Range 4.5 West, S.L.M., and proceeding southwesterly to its end at a gate on private property in the SESW of section 6, Township 40 South, Range 4.5 West., S.L.M.  The NAD83 mapping grade GPS data plotting the centerline course of this segment of right-of-way claimed herein is attached hereto as Exhibit 5 and incorporated by reference.

43.    The Mill Creek road K4400 Segment 1 and 2 provide access across public lands and access to private property that was conveyed into private ownership by the United States on June 10, 1937.

44.    The Mill Creek road K4410 Segment 3, also known as the Tenny Creek road, provides access across public lands and access to private property that was conveyed into private ownership by the United States on March 23, 1923.

9

45.     The Mill Creek road K4405 Segment 4, also known as the Oak Canyon road, provides access across public lands and access to private property that was conveyed into private ownership by the United States on August 8, 1957.

46.      The right-of-way for the Mill Creek road claimed herein includes K4400 Segments 1 and 2, K4410 Segment 3, and K4405 Segment 4 on public lands owned by the United States.  An enhanced detail map plotting the GPS centerline of the intersection and course of K4400 Segment 2, K4410 Segment 3, and K4405 Segment 4 is attached as Exhibit 6 and incorporated herein.

47.     The right-of-way for the Mill Creek road claimed herein on public lands includes that which is reasonable and necessary to ensure safe travel and passage of vehicles on a two lane road, including a width of 66 feet (33 feet from the centerline descriptions provided herein).

**B.     THE BALD KNOLL ROAD**

48.     The Bald Knoll road is designated as Kane County road K3935.  *See* Exhibit 1.

49.     The Bald Knoll road has at times been referred to as the "Coal Road" or mislabeled as the "Thompson Creek Road".  The west end of the Bald Knoll road commences in the NENW of section 3, Township 41 South, Range 5 West, S.L.M., at the boundary of private land and proceeds northwesterly across public lands to the intersection of the main Bald Knoll road in the SWSE of section 34, Township 40 South, Range 5 West, S.L.M.  From this intersection, the Bald Knoll road travels northerly and then easterly to its end at an intersection with the Mill Creek road K4400 Segment 2 in the NENE of section 17, Township 40 South,

10

Range 4.5 West, S.L.M.  The total length of the Bald Knoll road is a little over nine miles.  *See* Exhibit 1.

50.     The specific right-of-way for the Bald Knoll road K3935 on public lands claimed herein includes:

a.      K3930A Segment 1 (also known as the Old Leach Ranch Segment), consisting of .36 miles more or less commencing in the NENW of section 3, Township 41 South, Range 5 West, S.L.M., at the boundary of private land and ending at an intersection in the SESW of section 34, Township 40 South, Range 5 West, S.L.M.  The NAD83 mapping grade GPS data plotting the centerline course of this segment of right-of-way claimed herein is attached hereto as Exhibit 7 and incorporated by reference.

b.      K3935 Segment 2 consisting of 3.29 miles more or less commencing at an intersection in the SESW of section 34, Township 40 South, Range 5 West, S.L.M., and ending at the boundary of private property in the NWNE of section 22, Township 40 South, Range 5 West, S.L.M.  The NAD83 mapping grade GPS data plotting the centerline course of this segment of right-of-way claimed herein is attached hereto as Exhibit 8 and incorporated by reference.

c.      K3935 Segment 3 consisting of .24 miles more or less commencing at the boundary of private property in the NENE of section 22, Township 40 South, Range 5 West, S.L.M., and ending at the boundary of private property in the SESE of section 15, Township 40 South, Range 5 West, S.L.M.  The NAD83 mapping grade GPS data plotting the centerline course of this segment of right-of-way claimed herein is attached hereto as Exhibit 9 and incorporated by reference.

d.      K3935 Segment 4 consisting of 5.15 miles more or less commencing at the boundary of private property in the SWSW of section 14, Township 40 South, Range 5 West, S.L.M., and ending at its intersection with the Mill Creek road K4400 Segment 2 in the NENE of section 17, Township 40 South, Range 4.5 West, S.L.M.  The NAD83 mapping grade GPS data plotting the centerline course of this segment of right-of-way claimed herein is attached hereto as Exhibit 10 and incorporated by reference.

51.      The parcel of private property accessed by Bald Knoll road K3935 Segments 2 and 3, and from which K3935 Segment 4 departs, was conveyed into private ownership by the United States on October 23, 1928.

52.      The right-of-way for the Bald Knoll road claimed herein includes K3930A Segment 1, K3935 Segment 2, K3935 Segment 3, and K3935 Segment 4 on public lands owned by the United States.

53.      The right-of-way for the Bald Knoll road claimed herein on public lands includes that which is reasonable and necessary to ensure safe travel and passage of vehicles on a two lane road, including a width of 66 feet (33 feet from the centerline descriptions provided herein).

## ACCEPTANCE OF THE CONGRESSIONAL GRANT OF THE RIGHTS-OF-WAY FOR THE MILL CREEK AND BALD KNOLL ROADS

54.      The specific length, course and location of Kane County's Mill Creek and Bald Knoll roads have long appeared on United States Department of the Interior Geological Survey ("USGS") maps.

55.      The entire Mill Creek road (including each of the specific segments claimed herein) has appeared on a USGS Skutumpah Creek, Utah 7.5 minute quadrangle map since at least 1966 (as surveyed in 1964).  A copy of this map is attached as Exhibit 11 and incorporated

12

herein.  This attached map includes Kane County's former road numbering designations for the Mill Creek road, which are numbers 216, 214, and 546.

56.     The northernmost end of the Mill Creek road further appears on a United States Department of Agriculture Dixie National Forest map dated 1963.

57.     The entire Bald Knoll road (including each of the specific segments claimed herein) has appeared on the Skutumpah Creek map (Exhibit 11) and on the USGS Bald Knoll, Utah 7.5 minute quadrangle map since at least 1966 (as surveyed in 1964).  A copy of the Bald Knoll map is attached as Exhibit 12 and incorporated herein.  The attached map includes Kane County's former road numbering designations for the Bald Knoll road, which are numbers 500, 515, 514 and 513.

58.     Of particular note, the 1966 Bald Knoll map (Exhibit 12) specifically shows the historical existence and course of K3930A Segment 1 (also known as the Old Leach Ranch Segment), as commencing in section 3, Township 41 South, Range 5 West, S.L.M., and proceeding northwesterly as former Kane County road number 500 to its intersection with former Kane County road number 515 in section 34, Township 40 South, Range 5 West, S.L.M.

59.     Pre-1976 aerial photography confirms the historical existence of the Mill Creek and Bald Knoll roads as located on the land and following their historical courses.  More recent aerial photography continues to show these roads as they have historically existed.

**A.     Kane County Formally Accepted the Congressional Grant of R.S. 2477 Rights-of-Way for the Mill Creek and Bald Knoll Roads Prior to October 21, 1976.**

60.     The entire Mill Creek road (including the specific segments claimed herein) was officially designated as a Kane County highway on Kane County's General Highway map in 1965.

61.     The entire Bald Knoll road (including the specific segments claimed herein) was officially designated as a Kane County highway on Kane County's General Highway map in 1965.[1]

62.     Segments of the Mill Creek road appear on earlier Kane County General Highway maps, including those published in 1956.  However, the entirety of the Mill Creek and Bald Knoll roads were designated as county highways on the 1965 Kane County General Highway map.

63.     Kane County's designation of the Mill Creek and Bald Knoll roads as county roads in 1965 confirmed that these roads were accepted "as county roads . . . under the jurisdiction and control of the county commissioners" of Kane County.  Utah Code Ann. §27-12-22 (1963).

64.     Kane County designated and accepted these county roads and their R.S. 2477 rights-of-way no later than 1965, and thereafter continued to construct, maintain and improve the Mill Creek and Bald Knoll roads using public funds pursuant to the governmental authority of the Kane County Commission.

65.     From at least the 1960's and prior to 1976, Kane County road personnel constructed, maintained and improved the Mill Creek and Bald Knoll roads and installed

---

[1] Portions of K3935 Segment 2, 3 and 4 were improperly drawn on Kane County's General Highway maps in 1965 as an apparent carryover mapping error from 1956.  These mapping errors have since been confirmed and corrected.

culverts, water bars, and cattle guards on them using public funds. The location of some of these cattle guards and culverts are shown on Exhibit 1. From the at least the 1960's and continuing past 1976, Kane County road crews conducted routine maintenance of these roads generally twice a year and regularly repaired sections of these roads that were prone to washouts and headcutting.

66.     At various times prior to 1976 and thereafter, Utah Department of Transportation personnel inspected these roads to ensure that their construction levels met the requirements of State law for continued appropriations to maintain these roads as county roads (General Highways) conducive to regular travel by two-wheel drive vehicles.

67.     Kane County's designation of the Mill Creek and Bald Knoll roads as Kane County roads (General Highways) and expenditure of public funds on these roads on or before 1965 constituted formal acceptance of the congressional grant of R.S. 2477 rights-of-way for these public highways pursuant to State law codified in Utah Code Ann. §27-12-22 (1963).

68.     In 1977, the United States Bureau of Land Management and Kane County signed a memorandum confirming that county roads, including the Mill Creek road and the Bald Knoll road (then designated as the Thompson Creek road), included a right-of-way width of 66 feet.

**B.      The Congressional Grant of R.S. 2477 Rights-of-Way for the Mill Creek and Bald Knoll Roads Was Accepted by More Than Ten Years of Continuous Public Use Prior to October 21, 1976.**

69.     The Mill Creek road has long served as a public highway providing access across public lands and to land conveyed into private ownership in 1937 (K4400 Segments 1 and 2), 1923 (K4410 Segment 3), and 1957 (K4405 Segment 4).

15

70.     Witnesses with personal knowledge of the history of the Mill Creek road confirm public use on a continuous basis for more than ten years dating back to at least the 1940's consisting of general public travel for purposes of accessing private land, mineral exploration, hunting, livestock operations, wood gathering, camping, and recreation continuing through 1976 and to the present.

71.     Witnesses with personal knowledge of the history of the Mill Creek road confirm public use of the road on a continuous basis for more than ten years prior to 1976 by means of car, jeep, 2-ton trucks, cattle trucks, pickup trucks, team and wagon, and bicycles.

72.     Currently known reputation in the community is that the Mill Creek road has been open for all to come and go as they pleased since at least as early as the 1930's and continuing through the present.

73.     Public motor vehicle use of the Mill Creek road on continuous basis for more than ten years prior to October 21, 1976 confirms the acceptance of a congressionally granted R.S. 2477 right-of-way for the Mill Creek road as claimed herein.

74.     The Bald Knoll road has long served as a public highway providing access across public lands and to land conveyed into private ownership in 1928.

75.     Witnesses with personal knowledge of the history of the Bald Knoll road confirm public use on a continuous basis for more than ten years dating back to at least 1942 consisting of general public travel for purposes of accessing private land, mining and mineral exploration, hunting, livestock operations, wood gathering, camping, and recreation continuing through 1976 and to the present.

76.     Witnesses with personal knowledge of the history of the Bald Knoll road confirm public use of the road on a continuous basis for more than ten years prior to 1976 by means of horse, all terrain vehicle, car, jeep, 2-ton trucks, semi-truck, D-9 Cat, tractor, cattle truck, and pickup truck.

77.     Currently known reputation in the community is that the Bald Knoll road has been open for all to come and go as they pleased since at least the early 1900's and continuing through the present.

78.     Public motor vehicle use of the Bald Knoll road on continuous basis for more than ten years prior to October 21, 1976 confirms the acceptance of a congressionally granted R.S. 2477 right-of-way for the Bald Knoll road as claimed herein.

79.     The Mill Creek and Bald Knoll roads were used on a continuous and non-exclusive basis as public thoroughfares for decades prior to October 21, 1976.

80.     The Mill Creek and Bald Knoll roads traverse valid and perfected R.S.2477 public highway rights-of-way sufficient in scope for heavy vehicle travel and include that which is reasonable and necessary to meet the exigencies of these types of travel according to safe engineering practices that protect the public, the road, and prevent undue degradation of the adjacent land.

81.     Public motor vehicle use of the Mill Creek and Bald Knoll roads as public thoroughfares traversing unreserved public lands on a continuous basis for a period in excess of ten years prior to October 21, 1976 confirms acceptance of the grant of R.S. 2477 public highway rights-of-way for the Mill Creek and Bald Knoll roads.

17

## THE CASE OR CONTROVERSY

82.     On or about June 16, 2006, the Kane County Commission notified the United States Bureau of Land Management of its objection to the United State's intent to issue a permit to a third party to authorize rerouting and modification of Kane County's Bald Knoll and Mill Creek roads without consulting Kane County.

83.     On or about June 16, 2006, the Kane County Commission notified the United States Bureau of Land Management of Kane County's intent to make the needed improvements to the Mill Creek and Bald Knoll roads to meet the safety and transportation needs of the public.

84.     As the lawful owner of these public highway rights-of-way, Kane County has the legal right and duty to ensure the Mill Creek and Bald Knoll roads are properly constructed, maintained, and operated as part of the county's transportation system.

85.     Kane County's proposed improvements to the Mill Creek and Bald Knoll roads were developed by an engineer and in compliance with applicable standards of the American Association of State Highway and Transportation Officials (AASHTO).

86.     Kane County's proposed improvements to the Mill Creek and Bald Knoll roads are reasonable and necessary to promote public safety, to prevent undue degradation of adjacent public lands, and to serve the needs and uses of the roads for the public and the project.

87.     Kane County's proposed improvements to the Mill Creek and Bald Knoll roads are within the scope of its public highway rights-of-way for these roads.

88.     Kane County's proposed improvements to the Bald Knoll road are reasonable and necessary and within the scope of the existing public highway right-of-way.  Initially, Kane County must install new culverts and widen blind corners on the Bald Knoll road.  A copy of

18

Kane County's initial proposed improvements to the Bald Knoll road, which conform to AASHTO standards, is attached as Exhibit 13 and incorporated herein.

89. Due to the topography of the land near the intersection of the Bald Knoll and Mill Creek roads, rerouting this intersection will promote public safety and will secure a more readily maintainable road.

90. Kane County supported the United States Bureau of Land Management's proposal to reroute the easternmost one half mile of the Bald Knoll road.

91. Accordingly, Kane County requested a FLPMA Title V permit to reroute the easternmost one half mile of the Bald Knoll road to an intersection with the Mill Creek road.

92. The United States Bureau of Land Management promptly issued this permit on or about March 6, 2007.  A copy of this FLPMA Title V right-of-way, Serial Number UTU-82147 is attached hereto as Exhibit 14 and incorporated herein.

93. This FLPMA Title V permit granted a right-of-way of 66 feet wide for the rerouted section of the Bald Knoll road.  *See* Exhibit 14, exhibit p. 2.

94. This FLPMA Title V permit adopted and incorporated many of Kane County's initial and long term proposed improvements to the Bald Knoll road within its terms.  *See* Exhibit 14, exhibit pp. 7-9 (Exhibits A and B to UTU-82147).  *See also* "Proposed New Road" designated by yellow line in Exhibit 13.

95. Kane County currently holds another FLPMA Title V right-of-way near the southwestern end of the Bald Knoll road.  Kane County intends to take the appropriate action to direct public travel across these FLPMA Title V rights-of-way for so long as they remain in effect and provide for Kane County's and the public's transportation needs.

96.     Kane County's proposed improvements to the Mill Creek road are reasonable and necessary and within the scope of the existing public highway right-of-way.  Initially, Kane County must install new culverts, widen cattle guards, and widen blind corners on the Mill Creek road.  A copy of Kane County's initial proposed improvements to the Mill Creek road, which conform to AASHTO standards, is attached as Exhibit 15 and incorporated herein.

97.     Over time and as county funding allows, Kane County must improve the entire length of the Mill Creek and Bald Knoll roads to provide a safe and reliable travel surface according to AASHTO standards.  The description of these improvements is provided in Kane County's engineer report attached and incorporated in the FLPMA Title V issued by the United States Bureau of Land Management for the rerouted portion of the Bald Knoll road.  *See* Exhibit 14, pp. 8-9.  Kane County intends to improve the Mill Creek and Bald Knoll roads to conform to the applicable AASHTO standards, which are the standards the United States Bureau of Land Management adopted for the rerouted portion of the Bald Knoll road.

98.     On or about June 16, 2006, the Kane County Commission requested the United States Bureau of Land Management to make an initial determination of whether the proposed improvements to the Mill Creek and Bald Knoll roads were within the scope of Kane County's public highway rights-of-way.

99.     Over a year later in July of 2007, the United States Bureau of Land Management published a preliminary determination for the Bald Knoll road agreeing that Kane County owned a public highway right-of-way under R.S. 2477.

100.    The United States Bureau of Land Management has not completed this initial determination.

101.     Upon information and belief, the United States Bureau of Land Management has not taken any action regarding an initial determination for the Mill Creek road.

102.     Nearly two years have passed since Kane County notified the United States Bureau of Land Management of its intent to make these needed improvements to the Mill Creek and Bald Knoll roads.

103.     Nearly two years have passed since Kane County requested the United States Bureau of Land Management to make an initial determination that these improvements are within the scope of Kane County's congressionally granted public highway rights-of-way.

104.     The United States Bureau of Land Management has not identified any problems or concerns with respect to the proposed improvements as affecting the adjacent public lands.

105.     The United States Bureau of Land Management is under an affirmative legal duty to ensure that its actions are subject to and consistent with valid existing rights.

106.     In making an initial determination of whether proposed improvements fall within the scope of a public highway right-of-way, the United States Bureau of Land Management has an obligation to render its decision in a timely and expeditious manner.

107.     In making an initial determination of whether proposed improvements fall within the scope of a public highway right-of-way, the United States Bureau of Land Management may not use its authority to delay or impair valid existing public highway rights-of-way.

108.     The United States Bureau of Land Management's two year delay in responding to Kane County's request constitutes unreasonable delay and has impaired Kane County's valid existing rights.

21

109. The United States Bureau of Land Management's failure to respond to Kane County's June 16, 2006 request created this case or controversy.

### FIRST CAUSE OF ACTION – QUIET TITLE
### MILL CREEK ROAD

110. Kane County incorporates herein and realleges each of the foregoing paragraphs.

111. Prior to October 21, 1976, Kane County and the public accepted the congressional grant of an R.S. 2477 public highway right-of-way for the Mill Creek road on unreserved public lands as set forth herein.

112. The public highway right-of-way accepted and perfected for the Mill Creek road includes K4400 Segment 1, K4400 Segment 2, K4410 Segment 3, and K4405 Segment 4 as described herein on lands owned by the United States.

113. The scope of the public highway right-of-way accepted and perfected for the Mill Creek road includes that which is reasonable and necessary to ensure safe travel and passage of vehicles on a two lane road according to applicable AASHTO standards.

114. The scope of the public highway right-of-way accepted and perfected for the Mill Creek road includes a right-of-way width of 66 feet (33 feet from the centerline descriptions provided herein).

115. Kane County's proposed improvements to the Mill Creek road are within the scope of its public highway right-of-way for the Mill Creek road.

116. Kane County is entitled to an order of this Court quieting title to its R.S. 2477 public highway right-of-way for the Mill Creek road specifically described herein.

## SECOND CAUSE OF ACTION – QUIET TITLE
## BALD KNOLL ROAD

117.     Kane County incorporates herein and realleges each of the foregoing paragraphs 1 through 109.

118.     Prior to October 21, 1976, Kane County and the public accepted the congressional grant of an R.S. 2477 public highway right-of-way for the Bald Knoll road on unreserved public lands as set forth herein.

119.     The public highway right-of-way accepted and perfected for the Bald Knoll road includes K3930A Segment 1, K3935 Segment 2, K3935 Segment 3, and K3935 Segment 4 on lands owned by the United States.

120.     The scope of the public highway right-of-way accepted and perfected for the Bald Knoll road includes that which is reasonable and necessary to ensure safe travel and passage of vehicles on a two lane road according to applicable AASHTO standards.

121.     The scope of the public highway right-of-way accepted and perfected for the Bald Knoll road includes a right-of-way width of 66 feet (33 feet from the centerline descriptions provided herein).

122.     Kane County's proposed improvements to the Bald Knoll road are within the scope of its public highway right-of-way for the Bald Knoll road.

123.     Kane County is entitled to an order of this Court quieting title to its R.S. 2477 public highway right-of-way for the Bald Knoll road specifically described herein.

## PRAYER FOR RELIEF

WHEREFORE, Kane County requests relief against the United States of America as follows:

23

1.      On its First Cause of Action – Mill Creek, an order quieting title in and to the R.S.

2477 public highway right-of-way for the Mill Creek road (K4400 Segment 1, K4400 Segment

2, K4410 Segment 3, and K4405 Segment 4) as pleaded herein;

2.      On its Second Cause of Action – Bald Knoll, an order quieting title in and to the

R.S. 2477 public highway right-of-way for the Bald Knoll road (K3930A Segment 1, K3935

Segment 2, K3935 Segment 3, and K3935 Segment 4) as pleaded herein;

3.      An order awarding costs, fees and attorneys fees to the extent permitted by law;

and

4.      An order granting such further and other relief as may be appropriate.

RESPECTFULLY SUBMITTED this 25th day of April, 2008.

HOLME ROBERTS & OWEN LLP


/s/ Shawn Welch
Shawn T. Welch
Robert P.K. Mooney
Elizabeth B. Harris
Attorneys for Kane County

Plaintiff's Address:
Kane County, Utah
c/o Kane County Commission
76 North Main Street
Kanab, UT  84741

## INDEX TO EXHIBITS

Exhibit 1 – Mill Creek and Bald Knoll Roads

Exhibit 2 – K4400 Segment 1

Exhibit 3 – K4400 Segment 2

Exhibit 4 – K4410 Segment 3 (Tenny Creek)

Exhibit 5 – K4405 Segment 4 (Oak Canyon)

Exhibit 6 – K4400 K4405 K4410 Detail

Exhibit 7 – K3930A Segment 1 (Old Leach Ranch)

Exhibit 8 – K3935 Segment 2

Exhibit 9 – K3935 Segment 3

Exhibit 10 – K3935 Segment 4

Exhibit 11 – Skutumpah Creek USGS 1966

Exhibit 12 – Bald Knoll USGS 1966

Exhibit 13 – Bald Knoll Initial Improvements

Exhibit 14 – Bald Knoll FLPMA Title V

Exhibit 15 – Mill Creek Initial Improvements

#237693 v1