IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH, a Utah political subdivision, <br><br>　　　　Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA <br><br>　　　　Defendant, | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:08-CV-315 |

　　　　Kane County, Utah, filed this action against the United States under the Quiet Title Act, 28 U.S.C. § 2409A, seeking to quiet title to fifteen roads and rights-of-way in Kane County, Utah. Kane County claims that under 43 U.S.C. § 932, the roads at issue were established as public rights-of-way prior to the Act being repealed in 1976. Such roads are commonly referred to as R.S. 2477 roads. The Southern Utah Wilderness Alliance, the Wilderness Society and the Sierra Club (collectively "SUWA") have moved to intervene in the action both as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure and, in the alternative, for permissive intervention under Rule 24(b). SUWA argues that it is seeking to intervene to defend claims set forth in the Complaint by Kane County against the United States. Both Kane County and the United States oppose the intervention by SUWA.

## INTERVENTION AS A MATTER OF RIGHT

Under Rule 24(a)(2), an applicant for intervention should be permitted to intervene if the following elements are satisfied:

> (1) the application is "timely"; (2) "the applicant claims an interest relating to the property or transaction which is the subject of the action"; (3) the applicant's interest "may as a practical matter" be "impair[ed] or impede[d]"; and (4) "the applicant's interest is [not] adequately represented by existing parties."[1]

Of the elements required to establish intervention, Kane County and the United States raise only the issues of whether SUWA, as a practical matter, has an interest that may be impaired or impeded and whether SUWA's interest is adequately represented by the existing parties. The issues raised in this motion have previously been addressed in similar or nearly similar cases, both in this court and in the Tenth Circuit.[2] The factors to be considered in the analysis and the applicable principles have been set forth extensively in those cases, particularly in *San Juan County*, and will not be repeated here.

In this case, as it did in the previous cases, SUWA argues that it has an interest that may be impaired by the pending litigation because of its long and extensive role in protecting wilderness lands in Southern Utah, including Kane County. SUWA argues that even though the only issue in this litigation is who holds title to the roads at issue, the wilderness characteristics

---

[1] *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of the Interior,* 100 F.3d 837, 840 (10th Cir. 1996); Fed. R. Civ. P. 24(a)(2).

[2] *See, e.g.*, *San Juan County v. United States*, 503 F.3d 1163 (10th Cir.2007) (*en banc*) (hereinafter "*San Juan County*"); *Utah (Emery County) v. United States*, No. 2:05-cv-540, 2008 WL 4571787 (D. Utah Oct. 8, 2008) (hereinafter "*Emery County*"); *Utah (Juab County) v. United States*, No. 2:05-cv-714, 2008 WL 4170017 (D. Utah Sept. 3, 2008) (hereinafter "*Juab County*").

of the area and how the lands adjacent to the roads are managed may be affected by who holds title. It argues that Kane County has been insensitive to protecting the wilderness characteristics of the lands and SUWA should therefore be allowed to intervene on behalf of its constituents to argue vigorously that title should be held by the United States. In *San Juan County*, seven of the thirteen judges addressing the "interest" issue found that SUWA, in that case, had sufficiently established an interest in the litigation to meet that element of Rule 24(a)(2).[3] SUWA argues that the same facts that led to this conclusion in *San Juan County* compel the same finding in this case.

The United States and Kane County argue to the contrary that the determination of whether the applicant has a sufficient interest to intervene is highly fact specific. They argue that, unlike the roads at issue in *San Juan County*, the roads at issue here have been open to the public for many years and thus, compel a different conclusion as to whether SUWA has a sufficiently impaired interest to meet the requirements of the rule. SUWA counters that while twelve of the roads have been open to the public for many years, three of the roads are closed and a finding of title in favor of Kane County would risk these roads being opened to the public. SUWA argues that, at least as to these three roads, under *San Juan County*, it has met the requirement to show an impaired interest.

As is evident from the Complaint, the only issue in this case is whether Kane County can establish that it holds title to the roads at issue. How the lands adjacent to the roads will be managed and whether the roads themselves will be open to the public once title is determined are

---

[3] *San Juan County*, 503 F.3d at 1199–1200.

not issues that are relevant to the determination of the quiet title action. In this case, it is evident that SUWA does not have a "legal interest" in the usual understanding of that word in a title context. While SUWA obviously has an interest in the sense that it cares deeply about the outcome of the decision, it does not claim title to the roads at issue. This conclusion was evident by SUWA's concession at oral argument that, were the United States and Kane County to resolve all of the title issues as to the roads without SUWA's consent or participation, SUWA would have no right to continue with the action and the action would be dismissed.

Based on the specific facts in this case and the differences between the issues raised by Kane County and those in *San Juan County*, the court finds that SUWA has not established the element of having an impaired interest in the litigation. The issues raised in this case do not include the same factual underpinnings of continuing controversy over roads into areas that have been protected by the National Park Service as did the roads at issue in *San Juan County*. Nevertheless, were the court to conclude that *San Juan County* requires a different conclusion, SUWA would still not meet the requirements for intervention because it has failed to show that its interests in this case are not adequately represented by the United States.

## ADEQUATE REPRESENTATION

SUWA argues that the United States will not adequately represent its interests in the quiet title action. SUWA supports this argument by setting forth a history of adversarial relationships between SUWA and the Bureau of Land Management ("BLM"), and facts that it indicates support a conclusion that the United States has been unwilling to defend vigorously SUWA's interests. SUWA has presented facts from which one could conclude that it has, on occasion, disagreed with the BLM on how the lands adjacent to the roads at issue should be

managed. It also has presented facts to show that SUWA takes a more aggressive stance to preserving the wilderness characteristics of these lands than it contends has been taken by the BLM in the management of the lands adjacent to the roads at issue. Nevertheless, the management of the lands has no bearing on the issue raised by the Complaint.

The only issue to be resolved, as SUWA conceded at oral argument, is whether the United States or Kane County holds title. Whether Kane County can establish the requirements to show that it holds title to the roads based on R.S. 2477 will turn entirely on the historic use of these roads by the public for the period required under Utah law prior to 1976. In neither its briefing nor at a oral argument was SUWA able to proffer any evidence to which it would have access about the historical use of the roads that is not available to the United States. Moreover, SUWA does not present evidence that it has any special expertise, experience or knowledge with respect to the historic use of the roads that would not be available to the United States.

Indeed, the primary focus of SUWA's briefing in support of its motion is its long history of advocating to preserve the wilderness characteristics of the lands and the risks that opening the roads to the public may have on preserving such wilderness areas. None of these facts is relevant to the determination of whether Kane County holds title. In *Emery County*, the court reached the same conclusion.[4] In *San Juan County*, the court reminded that "nothing we have said would contravene the holding that Rule 24(a)(2) does not require intervention as of right for the purpose of presenting only irrelevant argument or evidence."[5] The only arguments that SUWA appears to be prepared to make in this case that would not be made by the United States

---

[4] *Emery County*, 2008 WL4571787, at *9.

[5] *San Juan County*, 503 F.3d at 1203.

are those relating to the management of the land, which would be irrelevant and not admissible in evidence.

The United States argues that it has been and will be vigorous in defending its claim to legitimate title to the roads. The record does not compel a different conclusion. Absent evidence showing that the United States will not vigorously defend this position, there is no basis to allow intervention by SUWA.

## PERMISSIVE INTERVENTION

SUWA argues that even if the court concludes that it does not meet the requirements for intervention as a matter of right, it should be allowed to intervene permissively under Rule 24(b). Rule 24(b) provides that the court may permit intervention to an applicant who

> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.[6]

SUWA does not claim that it has a conditional right to intervene pursuant to any federal statute. SUWA does argue, however, that "conservation groups seeking to intervene on behalf of the government [should be allowed to intervene where they] assert defenses that are 'directly responsive to the claims . . . asserted by plaintiffs.'"[7] SUWA maintains that it does intend to assert claims that are common with those that are at the center of this action.

To support its proposition, SUWA cites to *Kootenai Tribe*. In that case, however, the court found that the government had declined to defend fully and that the intervenors would

---

[6] Fed. R. Civ. P. 24(b).

[7] SUWA's Memo. in Supp. of Mot. to Intervene, at 32 (quoting *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2002)).

assist in a resolution of the issues which would impact varied interests.  Under those circumstances, the court found it was not an abuse of discretion to allow intervention.  In this case, the United States has not declined to defend.  Instead, it asserts its intent to fully defend.

Further, Kane County and the United States respond that SUWA's intervention in the case will not add any additional insight to the arguments that will be presented by the parties.  As noted, the only issue in this case is whether Kane County or the United States owns title to the fifteen roads at issue.  In *Emery County*, the court concluded: "Resolution of this issue will not involve any 'claims' or 'defenses' in common with SUWA's asserted conservation interest.  Rather, it is limited to the question of title, an issue the court has already found is adequately represented by the United States."[8]  The court finds that the conclusion reached by the court in *Emery County* is equally applicable to this case.  There is nothing in the briefing nor the arguments to suggest that SUWA would offer any additional defenses or claims relevant to the issue to be decided that would not already be fully and completely advocated by the United States.  Indeed, SUWA does not share any claim or defense in this action that is different from any other member of the public who cares deeply about the outcome of this litigation.  To allow SUWA to intervene in this action under Rule 24(b) would be an invitation to any member of the public who holds strong views about the outcome to seek to intervene.  The court finds that intervention is not appropriate under these circumstances.

The motion is DENIED.[9]

---

[8] *Emery County*, 2008 WL 4571787, at 9.

[9] Docket No. 28.

DATED this 6th day of April, 2009.

                                       BY THE COURT:

                                       _____
                                       Honorable Clark Waddoups
                                       U.S. District Court Judge