# IN THE UNITED STATES COURT FOR THE
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant, | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:08-cv-315 |

## INTRODUCTION

This matter is before the court on the proposed intervenors' (collectively "SUWA")[1] Motion to Stay the Proceedings Pending Appeal of Order Denying Motion to Intervene. No hearing has been requested, and the court finds that it can determine the issue without oral argument.

On April 6, 2009, the court denied SUWA's motion to intervene. SUWA has appealed that decision, and seeks a stay of these proceedings while it pursues that appeal. "A party moving to stay proceedings pending appeal must generally demonstrate (1) a likelihood of success on the merits on appeal, (2) irreparable harm in the absence of a stay, (3) that other parties will not be substantially harmed by entry of a stay, and (4) the public interest favors a stay."[2] Because the court finds that SUWA does not meet these requirements, its motion to stay proceedings is denied.

---

[1] The proposed intervenors are Southern Utah Wilderness Alliance, The Wilderness Society, and Sierra Club.

[2] *Stichting Mayflower Mt. Fonds v. City of Park City*, No. 2:04-cv-925, 2009 U.S. Dist. LEXIS 37933, *4 (D. Utah Apr. 23, 2009) (citation omitted).

## ANALYSIS

I.     **LIKELIHOOD OF SUCCESS ON THE MERITS**

This Quiet Title Action involves approximately fifteen roads in Kane County.[3]  Although all fifteen roads traverse federal land, only three of the roads traverse land within the Grand Staircase-Escalante National Monument ("Monument") or a wilderness study area.[4]  Despite Kane County's assertion of title, the United States contests its claim and has closed those three roads to motor vehicle use.  SUWA's interest in limiting or eliminating motor vehicle use on those three roads is therefore adequately represented by the United States.

All of the remaining roads at issue in this dispute neither cross the Monument nor any wilderness study area.  In other words, the roads cross unprotected land.  SUWA's interest in these lands is no more particularized than other members of the public, including those members of the public who desire that the roads remain open and in good repair so they can have access to their property.[5]  Moreover, this action is a suit for title.  Regardless of SUWA's interest in land management, that issue plays no part in determining title.  Indeed, the issue of title will focus on a period of time well before the Monument was created or the particular wilderness study areas were

---

[3] Kane County views some roads with multiple segments or spurs as one road while the United States views each segment or spur as a separate road.  Consequently, the parties disagree whether this dispute involves twelve roads or fifteen roads.  For ease of reference only, the court will refer to the number as fifteen.

[4] The Swallow Park/Park Wash, Nipple Lake, and North Swag roads either traverse lands within the Monument or a wilderness study area or both.  *See* Memo. in Supp. of Mot. to Intervene, 5, 7 (Docket No. 30).

[5] Kane County has provided an e-mail exchange it had with the Deer Springs Ranch Board of Directors.  Deer Springs Ranch is a private subdivision that is accessed by Skutumpah Road.  Due to the road's disrepair, the subdivision expressed an interest in obtaining a maintenance agreement with the Bureau of Land Management so the subdivision could make necessary repairs itself.  *See* E-mail Exchange (Docket No. 100, Ex. 2).

proposed in the region. For these reasons, as well as those stated in the court's April 6, 2009 decision, the court finds that SUWA is not likely to prevail on the merits.

## II.     IRREPARABLE HARM

SUWA contends it will suffer procedural harm if these proceedings are not stayed pending its appeal because it will not be able to participate in discovery and motion practice. The court disagrees that SUWA's inability to participate currently in the case constitutes harm that is irreparable. As with any litigation, discovery and motion deadlines may be re-opened or extended when parties are later added to a case. Consequently, the court finds that SUWA will not suffer irreparable harm if these proceedings continue during the pendency of its appeal.

## III.    BALANCE OF THE HARMS

SUWA contends this action should be stayed because of important environmental concerns related to the road. Again, the three roads that traverse protected federal lands have been closed by the United States. Because they are closed, no motor vehicle is traveling on them, and no injury is occurring. Because the United States contests Kane County's title to these lands, SUWA's interests will be represented while SUWA appeals the court's decision.

With respect to the other roads, public safety and access has been compromised due to the current condition of some of the roads.[6] Regardless of whether the United States or Kane County owns the roads, it is in the best interest of the parties and the public to have the issue of title resolved so it is clear who has responsibility for maintaining them. The balance of the harms therefore weighs against SUWA.

---

[6] Declaration of Mark W. Habbeshaw, ¶¶ 8–9 (Oct. 22, 2009) (Docket No. 100, Ex. 1).

**IV.    INTEREST OF THE PUBLIC**

Currently, some of the roads at issue in this case are in a state of disrepair because Kane County cannot maintain them as it has in the past. To obtain class B road maintenance funds, Kane County must assert that the roads it is maintaining are valid, county roads.[7] Because title to these roads has now been put in dispute, Kane County cannot make that representation. Thus, contrary to SUWA's assertion, Kane County cannot simply continue to maintain the roads as they have done in the past. When a road is open to motor vehicle use (as most are in this case), the public has an interest in traveling on roads that are safe and passable. To the extent this litigation is extended while SUWA's appeal is pending, the public will continue to be harmed by the disrepair of the roads. This factor also weighs against a stay.

## **CONCLUSION**

For the reasons stated above, the court concludes that a stay is not appropriate in this case. The court therefore DENIES SUWA's motion to stay proceedings pending its appeal.[8]

DATED this 13th day of November, 2009.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[7] Declaration of Mark W. Habbeshaw, ¶ 23 (June 26, 2009) (Docket No. 84, Ex. K); *see also* Utah Code Ann. §72-2-108 (2009) (stating to whom class B roads funds are distributed); *id.* § 72-3-103 (defining what constitutes a class B road and discussing their maintenance).

[8] Docket No. 86.