Shawn T. Welch, #7113
Chelsea J. Davis, #16436
HOLLAND & HART, LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
stwelch@hollandhart.com
cjdavis@hollandhart.com

*Attorneys for Plaintiff Kane County, Utah*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| KANE COUNTY (1), UTAH<br><br>Plaintiff,<br><br>STATE OF UTAH,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **KANE COUNTY'S OPPOSITION TO SUWA'S REPEATED MOTION TO INTERVENE**<br><br>Civil No. 2:08-CV-00315-CW<br><br>Judge Clark Waddoups |

Plaintiff Kane County, Utah ("Kane County"), files its Opposition to SUWA's Repeated Motion to Intervene.

**SUMMARY**

The Southern Utah Wilderness Alliance's and the Wilderness Society's (collectively, "SUWA") Motion to Intervene as Defendants and Memorandum in Support, ECF 298 ("Motion"), marks SUWA's fourth attempt to intervene in this lawsuit. After three strikes, you are out.

Raising the same arguments for intervention that failed each time before, SUWA somehow believes that it is now "entitled" to intervention as of right. Motion, p. 2. Beyond

the undisputed fact that this Court and the Tenth Circuit have thrice denied SUWA's motions to intervene, the late stage of this lawsuit even further confirms that SUWA's intervention would be improper.  The one thing left in this lawsuit is to determine the width of Kane County's title to three rights-of-way, and SUWA has no right, title or interest involved.  Adding SUWA as a party at this last step of this lawsuit would be improper and prejudicial.

This Court previously granted SUWA permission to appear as amicus curiae, and SUWA then proceeded to abuse that right by filing repeat and successive briefs.  To save the Court and the parties from further abuse, the Court entered an order informing SUWA that "[n]o further briefs are authorized beyond those submitted."  Order (ECF 225).  That order still stands, but SUWA has shown in this lawsuit and other R.S. 2477 litigation that court orders pose no limit or restraint and it will file whatever it wants whenever it wants – including repeated motions to intervene.  SUWA's motion should be denied.

## PROCEDURAL BACKGROUND

Plaintiffs Kane County and the State of Utah ("State") filed this lawsuit against defendant the United States of America ("United States") under the federal Quiet Title Act, 28 U.S.C. § 2409a ("QTA").  The QTA provides a narrow, exclusive[1] and singular waiver of the United States' sovereign immunity to "adjudicate a disputed title to real property in which the United States claims an interest."  *Id*. at 2409a(a).  Kane County and the State sued to quiet title to a number of public highway rights-of-way claimed under R.S. 2477, an "open-ended [congressional] grant of 'the right of way for the construction of highways over public lands, not reserved for public uses.'"  *Southern Utah Wilderness Alliance v. Bureau of Land*

---

[1] "We hold that Congress intended the QTA to provide the exclusive means by which *adverse claimants* could challenge the United States' title to real property."  *Block v. North Dakota*, 461 U.S. 273, 286 (1983) (emphasis added).

2

*Management*, 425 F.3d 735, 740 (10th Cir. 2005) (citation omitted) ("*SUWA*").  The QTA's narrow and exclusive jurisdiction authorized this Court to decide "the existence or non-existence of a right-of-way and its length and its breadth."  *San Juan County v. United States*, 503 F.3d 1163, 1171 (10th Cir. 2007)[2] (en banc) (quoting district court).  Now on remand, however, this Court's jurisdiction is even more limited: it will solely determine the width (breadth) of three rights-of-way.

SUWA's first attempt to intervene in this lawsuit came in 2008.[3]  SUWA argued that it should be granted intervention because it had an interest in this lawsuit—being the management of Wilderness Study Areas ("WSA") (ECF 30, pp. 4-6, 19-22), issues related to America's Red Rock Wilderness Act ("ARRWA") (*id*. at 6 and citing declarations), and management of the Grand Staircase-Escalante National Monument ("Monument") (*id*. at 6-7, 9-11).  SUWA further argued that its "interests" would not be adequately represented by the United States and that Kane County might "win a 66-foot-wide right of way within which the County may significantly widen each route."  ECF 30, p. 23.  Indeed, SUWA sought intervention because "the Federal Defendants concluded [] that a 'fair' chance existed that they would settle the case without a fight, something SUWA could not do and would actively oppose."  ECF 30, p. 30.

This Court denied SUWA's first attempt to intervene as reported in *Kane County v. United States*, 2009 WL 959804 (D. Utah April 9, 2009).  Given the narrow and exclusive

---

[2] As reported in *Western Energy Alliance v. Zinke*, Slip Op. dated December 18, 2017, App. No. 17-2005 (Motion, Exhibit G), the Tenth Circuit noted *San Juan County* as "*abrogated on other grounds by Hollingsworth v. Perry*, 133 S. Ct. 2652, 2659-65 (2013).  In *Hollingsworth*, the Supreme Court held that Article III standing is not to be placed in the hands of concerned bystanders, who will use it simply as a vehicle for the vindication of value interests.  *Id*. at 2663 (quotation marks and citation omitted).  "Without a judicially cognizable interest of their own, [SUWA attempts] to invoke that of someone else."  *Id*.
[3] *See* Motion to Intervene, ECF 28, Memorandum in Support, ECF 30, and Exhibits, ECF 31.

jurisdictional grant in the QTA, "the only issue in this case is whether Kane County can establish that it holds title to the roads at issue." *Id*., at * 2.  While SUWA had a policy interest in the BLM's management of adjacent lands, it was undisputed that "SUWA does not have a 'legal interest' in the usual understanding of that word in the title context." *Id*.  Given the narrow and limited jurisdiction granted in the QTA, the "only issue to be resolved, *as SUWA conceded at oral argument*, is whether the United States or Kane County holds title." *Id*. (emphasis added).  SUWA's political advocacy interests in the congressional enactment of the decades-pending ARRWA, and SUWA's other interests in BLM's land management decisions were not "relevant to the [judicial] determination of whether Kane County holds title." *Id*. at * 3.

SUWA appealed this Court's decision (ECF 75), and promptly filed a motion to stay to block any further proceedings in this Court.  ECF 86 and 87.  The Court denied SUWA's motion to stay.  *See* Memorandum Decision and Order, ECF 104.

SUWA's second attempt to intervene was on its appeal.  SUWA again argued that it had an interest in WSA's, ARRWA, and the Monument.  *See* SUWA's Opening Brief, pp. 8-12, App. No. 09-4087 (10th Cir.), a copy of which is attached as Exhibit A.  On appeal, SUWA again argued that the United States may not adequately represent SUWA's interests.  *Id*. at pp. 35-37.  In fact, SUWA argued that it needed to intervene to "advocate for the narrowest possible determination of the scope of each right of way." *Id*. at p. 40.[4]

The Tenth Circuit upheld this Court and denied SUWA's second attempt to intervene.  "SUWA has failed to establish that the United States may not adequately represent SUWA's interest. *Kane County v. United States*, 597 F.3d 1129, 1133 (10th Cir. 2010).  While SUWA

---

[4] SUWA now makes this same argument again.  "SUWA would seek the narrowest possible determination of width."  Motion, p. 14.

now claims it has an "undisputed interest in federal public lands threatened by R.S. 2477 rights-of-way" (Motion, p. 1), the truth is the Tenth Circuit merely *assumed* SUWA had an interest in this lawsuit. 597 F.3d at 1133; *see also id*. at 1135 ("Assuming for purposes of argument that SUWA has a valid interest in the quiet title proceedings . . . .").

SUWA's third attempt to intervene in this lawsuit came on appeal following trial. On October 7, 2013, SUWA moved to intervene on appeal and argued that a "decision recognizing the County's alleged R.S. 2477 rights-of-way along these routes would enable their transformation from dirt roads, some narrow and barely passable, into two-lane paved highways measuring sixty-six feet across." SUWA's Motion to Intervene, p. 2, App. No. 13-4108. And once again, SUWA claimed to have an interest in the lawsuit, including WSAs, ARRWA, and the Monument. *Id*. at pp. 13-14. SUWA also again argued that the United States did not adequately represent SUWA's interests because SUWA wanted to raise different arguments on appeal. *Id*. at pp. 2-3, 15-19. By order dated September 2, 2014, the Tenth Circuit denied SUWA's third attempt to intervene.

On December 2, 2014, the Tenth Circuit issued its merits decision as reported in *Kane County v. United States*, 772 F.3d 1205 (10th Cir. 2014). The Tenth Circuit remanded solely for this Court to determine the width of the right-of-way for the Skutumpah, Swallow Park/Park Wash and North Swag roads. *Id*. at 1223-1225.

## LEGAL STANDARD

Intervention as of right is governed by Fed. R. Civ. P. 24(a)(2), and allows an applicant to intervene if the following elements are satisfied: (1) the application is "timely"; (2) "the applicant claims an interest relating to the property or transaction which is the subject of the action"; (3) the applicant's interest "may as a practical matter" be "impair[ed] or impede[d]";

5

and (4) "the applicant's interest is [not] adequately represented by existing parties." *Kane County*, 2009 WL 959804, *1 (citation omitted).

## ARGUMENT

SUWA's fourth attempt to intervene in this lawsuit is patently frivolous and an abusive filing. At the time of trial, SUWA had filed so many briefs that this Court issued an order to SUWA: "No further briefs are authorized beyond those already submitted." Order (ECF 225). SUWA should be held to obey this Court's order and should be required to heed the orders of the courts that have already denied intervention three times before.

### 1. SUWA's Motion To Intervene Is Untimely.

Timeliness of a motion to intervene is measured in light of the specific context of the case. *See Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000). This includes considering the "point to which the suit has progressed", "the purpose for which intervention is sought", the "length of time", "prejudice to existing parties", and whether there are "unusual circumstances militating against or in favor of intervention." *Id*. at 473.

The relevant factors overwhelmingly show that SUWA's motion to intervene is untimely. First, this lawsuit is before the Court on an exceedingly narrow remand to determine the width of three rights-of-way. The late stage of this lawsuit shows that it is too late to add new parties—especially parties who don't claim title. Second, SUWA has no legitimate reason to intervene at this point other than to attempt to file (even more) excess briefs (*see* ECF 225) and present irrelevant land management arguments. *See generally*, Motion. Third, having to respond to excess briefs that merely present irrelevant land management arguments and political advocacy will prejudice the rights of the adverse title claimants now before the Court. And fourth, the most overwhelming point militating against SUWA's untimely fourth attempt to intervene is that SUWA made versions of the same arguments in its three prior

6

attempts and both this Court and the Tenth Circuit (twice) denied intervention. SUWA's motion is untimely and should be denied.

### 2. SUWA Does Not Have An Interest In The Width Of Kane County's Roads.

SUWA's motion revisits pretty much the entire list of land management and proposed legislative interests that it previously proffered in support of intervention. Absent from SUWA's motion is any indication that it has a legally protectable interest in the one issue before the Court on remand - the width of the three rights-of-way.

Nevertheless, SUWA contends that *San Juan County* proves that it has an "undisputed" interest in this lawsuit. Motion, at. p. 4, 9. *San Juan County* does not aid SUWA at this late point in this lawsuit, any more than it did the first time SUWA made the exact same arguments. *See* Exhibit A, pp. 27-32 (SUWA's brief on appeal citing same DOI report and *San Juan County* for its wilderness and land management interests).

*San Juan County* did not vest SUWA with a permanent interest of "environmental concern" (Motion, p. 9) for purposes of intervention in a QTA suit. *San Juan County* involved a unique road in a national park over which SUWA was involved in an Administrative Procedure Act ("APA") lawsuit to close the road to motor vehicle travel. *See Southern Utah Wilderness Alliance v. Dabney*, 222 F.3d 819 (10th Cir. 2000) and *Southern Utah Wilderness Alliance v. National Park Service*, 387 F. Supp. 2d 1178 (D. Utah 2005). *San Juan County* was a unique lawsuit and SUWA was still denied intervention. Moreover, after deciding *San Juan County*, the Tenth Circuit confirmed that SUWA lacks standing to "vindicate the property rights of the federal government." *Wilderness Soc'y v. Kane County*, 632 F.3d 1162, 1165 (10th Cir. 2011) ( en banc).

Quite simply, the Tenth Circuit in this lawsuit merely "assumed" that SUWA had an interest. *Kane County*, 597 F.3d at 1133. Now, on remand, there is far less of this case than before, and SUWA cannot show any legal interest in the width of Kane County's roads.

### 3. SUWA's Interests In Potential Wilderness Are Not Before The Court And Cannot Be Impaired or Impeded In Setting The Width Of Three Roads.

SUWA's general interest in the environment, an interest universally shared, and its interest in having Congress create wilderness will not be affected or impaired by this Court's title decision. The Tenth Circuit already acknowledged "that SUWA is advocating for protection under its long-proposed America's Red Rock Wilderness Act (a piece of legislation that *has been repeatedly introduced, but never adopted by Congress*)." *Kane County*, 597 F.3d at 1130 (emphasis added). And the Tenth Circuit still denied intervention.

Congress has plenary authority over the public lands and it can and will designate wilderness where it wants—regardless of whether there are roads in the area. For example, Congress enacted the Steens Mountain Cooperative Management and Protection act of 2000, Pub. L. 106-399, 114 Stat. 1655, and designated part of that area as the Steens Mountain Wilderness Area. The wilderness area includes an improved road. *See* Steens Mountain Map, attached as Exhibit B.[5] Thus, even assuming its relevance in this title suit, SUWA's wilderness advocacy will not be impaired or impeded by this Court's determination of the width of three Kane County rights-of-way. SUWA may have interests in "the environment, but these matters are not in issue." *Allard v. Frizzell*, 536 F.2d 1332, 1333 (10th Cir. 1976). SUWA lacks an interest in this lawsuit that may be impaired or impeded and intervention should be denied.

---

[5] www.blm.gov, search "Steens Mountain Map."

### 4. The United States Adequately Represents Its Title.

The United States represents the one interest at issue in this lawsuit: federal title. SUWA's generalized land management arguments, and assertions that the United States cannot represent its interests, are based on the fiction that more than title is before the court. SUWA would like to make this lawsuit into something "quite different from the one in progress." *Allard*, 536 F.2d at 1334.

As the Tenth Circuit already held in this lawsuit, SUWA relies "'on inapplicable cases involving intervention in challenges to administrative action [APA suits] as well as irrelevant speculation about and critiques of potential litigation strategies by the' federal government." *Kane County*, 597 F.3d at 1135. Moreover, a plurality of the Tenth Circuit already stated that "SUWA could not block a settlement. And to the extent that an intervenor can present arguments against settlement to which the government must respond, so can an amicus." *San Juan County*, 503 F.3d at 1173 (citations omitted).

WHEREFORE, SUWA's repeated motion to intervene should be denied.

Dated this 24th day of January, 2018.

> HOLLAND & HART LLP
>
> /s/ Shawn T. Welch
> Shawn T. Welch
> Chelsea J. Davis
> *Attorney for Kane County, Utah*

9

## **CERTIFICATE OF SERVICE**

I certify that on January 24th, 2018, the undersigned electronically filed the foregoing **KANE COUNTY'S OPPOSITION TO SUWA'S REPEATED MOTION TO INTERVENE,** with the Clerk of the Court using the CM/ECF system which will send notification of this filing to all counsel of record.

/s/ Shawn T. Welch

## **INDEX TO EXHIBITS**

Exhibit A    Opening Brief of the Southern Utah Wilderness Alliance, et al.,
             App. No. 09-4087 (10th Cir.).

Exhibit B    Steens Mountain Cooperative Management and Protection Area wilderness map