Shawn T. Welch, #7113
Chelsea J. Davis, #16436
HOLLAND & HART, LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
stwelch@hollandhart.com
cjdavis@hollandhart.com

*Attorneys for Plaintiff Kane County, Utah*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY (1), UTAH | **KANE COUNTY'S SUPPLEMENTAL BRIEF AND REQUEST FOR FURTHER FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| Plaintiff, | |
| STATE OF UTAH, | Civil No. 2:08-CV-00315-CW |
| Plaintiff-Intervenor, | Judge Clark Waddoups |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff Kane County, Utah ("Kane County"), files this Supplemental Brief and

Request for Further Findings of Fact and Conclusions of Law in response to the Court's

Docket Order dated September 5, 2017.  ECF 293.[1]  The Order requested the parties' positions

regarding 1) the effect of the Tenth Circuit's decision in this case and the issues remanded for

resolution; 2) whether further fact finding is necessary; and 3) a proposed schedule for

---

[1] *See also* Order dated January 4, 2018.  ECF 302 (extension order).

resolution of the remaining issues.  Co-plaintiff the State of Utah supports the process outlined below.

## PROCEDURAL BACKGROUND

Across two days in December 2010 the Court and counsel traveled all 95 miles of road in this lawsuit and stopped at numerous predetermined locations to inspect areas and specific features along the roads.  The subsequent bench trial spanned nearly two weeks in August 2011 wherein the Court heard testimony of fact and expert witnesses and received almost 200 exhibits into evidence.

On March 20, 2013, the Court issued extensive findings of fact and conclusions of law as reported in *Kane County v. United States*, 2013 WL 1180764 (D. Utah March 20, 2013). The Court's findings of fact and conclusions of law established the width of the rights-of-way for the proven R.S. 2477 roads, including 66 feet for the Skutumpah road (*id*. at *64) and 24 feet for the length of the connected Swallow Park/Park Wash and North Swag roads.  *Id*. at *65.

## RESPONSE TO ORDER

1.    **The Tenth Circuit's Decision And Issues Remanded.**

On appeal, the Tenth Circuit Court of Appeals reversed and remanded the width decisions for the Skutumpah, North Swag and Swallow Park/Park Wash roads (except for the mile-long Class B section of the Swallow Park road).  *Kane County v. United States*, 772 F.3d 1205, 1223 (10th Cir. 2014).  The Tenth Circuit did not determine the proper width of the rights-of-way, nor did it necessarily find fault with the widths set by this court.  *Id*. at 1224. Rather, the Tenth Circuit instructed the court to determine the width 1) that is reasonable and

necessary in light of pre-1976 uses, and 2) the width should not include room for future improvements. *Id*. at 1223-24.

> **A.  Reasonable And Necessary In Light Of Pre-1976 Uses.**

The Tenth Circuit confirmed that the court should "look to state law to determine the appropriate width." *Kane County*, 772 F.3d at 1223 (citation omitted). Utah public highway law generally provides that "the width of a public road is that which is 'reasonable and necessary under all the facts and circumstances.'" *Id*., citing *Memmott v. Anderson*, 642 P.2d 750, 754 (Utah 1982). Because R.S. 2477 was repealed in 1976, the "the proper inquiry is what width is reasonable and necessary in light of the pre–1976 uses of the road." *Kane County*, 772 F.3d at 1223, citing *Sierra Club v. Hodel*, 848 F.2d 1068, 1084 (10th Cir. 1988).

> **B.  Unspecified Future Improvements.**

In the merits decision for the Skutumpah road, this Court determined that a 66-foot wide right-of-way would accommodate "future realignments or other improvements needed to increase safety." *Kane County*, 2013 WL 1180764, at *64. For the Swallow Park/Park Wash and North Swag roads, the 24-foot right-of-way would allow "for maintenance and improvements." *Id*. at *65.

The Tenth Circuit held that while a proposal for an improvement may be reasonable and necessary in light of pre-1976 uses, "to allow for unspecified improvements ex ante deprives the BLM of the opportunity" to be consulted in advance. *Kane County*, 772 F.3d at 1225). *See Southern Utah Wilderness Alliance v. Bureau of Land Management*, 425 F. 3d 735, 748 (10th Cir. 2005) (describing consultation process).

2.      **Further Fact Finding Is Necessary.**

Kane County's complaint alleged that the right-of-way for the Skutumpah, Swallow Park/Park Wash and North Swag roads included that which is reasonable and necessary to ensure safe travel and passage of vehicles on a two-lane road, and including a right-of-way width of 66 feet.  *See, e.g*., First Amended Complaint, ECF 65, ¶ 298 (North Swag road). Kane County pursued its claim for a "standard" 66-foot right-of-way under state law.  *See* Kane County Trial Brief, ECF 210, pp. 19-25 (citing 66-foot ordinance).  While an ordinance or enactment "does not establish the width of the [ ] road as a matter of law, it may be offered as evidence of what is considered reasonable and necessary."  *Schaer v. State*, 657 P. 2d 1337, 1342 (Utah 1983).

Notably, when the Court conducted its site visit in December 2010, the North Swag road had not been an "open" road for the ten preceding years under the transportation plan for the Grand Staircase-Escalante National Monument.  First Amended Complaint, ECF 65, ¶¶ 102 – 106.  Moreover, it is believed that the last time the North Swag road had been bladed was in 1996 – some 14 years before the Court's site visit.  For the Skutumpah road, the major focus of the site visit served to show the Court where northern sections of the Skutumpah road were realigned in the 1990's, and to identify the former SITLA parcels crossed by the road.

In light of the Tenth Circuit's remand and mandate, the Court should make "further findings of fact."  *Wasatch County v. Okelberry* , 2010 UT App 13, ¶ 7, 226 P.3d 737, 739 (Utah App. 2010); *see also Haynes Land & Livestock Co. v. Jacob Family Chalk Creek, LLC*, 2010 UT App 112, ¶¶ 22-23; 233 P.3d 529, 536 (Utah App. 2010) (remanding to district court to determine width).  Kane County does not see a need to recall any non-party fact witness,

and the need for party witness testimony seems to be minor at best.  Having reviewed the trial transcripts, exhibits admitted into evidence, and the Court's findings of fact and conclusions of law, Kane County believes the majority of the requisite testimonial and documentary evidence is before the Court.

However, the historical road work and features that are reasonable and necessary to safely maintain the Skutumpah, Swallow Park/Park Wash and North Swag roads for their pre-1976 uses and the "exigencies of increased travel" (*Hodel*, 848 F.2d at 1083) are more on the ground and less in a file.  It has been over seven years since the Court's site visit.  The parties' prior site visit was not geared toward showing the Court the fact intensive "reasonable and necessary" width of any particular part of a road and what has been done.

Accordingly, Kane County respectfully requests the Court to conduct a site inspection of the Skutumpah, Swallow Park/Park Wash and North Swag roads.  Kane County is aware that the Court intends to conduct a site inspection of the Bellwether Trial roads in *Kane County (2) v. United States*, 2:10-cv-1073.  A number of the roads proposed for the Bellwether Trial are in the general area, and the Court's site visit in this case could be scheduled to coincide with its Bellwether Trial site visit.  Kane County anticipates that a site visit to the Skutumpah, Swallow Park/Park Wash and North Swag roads would require about six hours.

### 3.    Proposed Schedule For Resolution Of The Remaining Issues.

The Court's Order granted the defendant United States 14 days to respond to plaintiffs' brief, and that response time should remain or could be continued.  *See* ECF 293. Nevertheless, upon the foregoing and subject to consideration of the United States' response, Kane County proposes the following schedule for resolution of the issues remaining on remand:

1.      Kane County proposes that the Court schedule a site visit to travel the Skutumpah, Swallow Park/Park Wash and North Swag roads for further fact-finding.  This site visit may be free-standing, or in conjunction with the Court's site visit to be scheduled for the Bellwether Trial roads in *Kane County (2) v. United States*, 2:10-cv-1073 (D. Utah).  Counsel for plaintiffs and defendant worked together to select the pre-determined stops and logistics for the December 2010 site visit, and that is anticipated to be the pattern for this site visit.

2.      Upon the latter of 28 days after 1) publication of any further trial transcripts, 2) the site visit, or 3) denial of Kane County's request for a site visit, Kane County and the State of Utah will file a motion for further findings of fact and/or conclusions of law.  *Okelberry*, 2010 UT App 13, ¶ 7.

3.      After such filing, defendant the United States will have 28 days to file in response.

4.      All parties appearing as amicus curiae will then have seven (7) days to file a single brief on behalf of those appearing as amicus curiae in support of the United States.

5.      Kane County and the State of Utah will have 21 days after the United States' response in which to file a memorandum in reply.

6.      Plaintiffs Kane County and the State of Utah request the Court to then schedule and hear oral argument.

Dated this 5th day of February, 2018.

HOLLAND & HART LLP

/s/ Shawn T. Welch
Shawn T. Welch
Chelsea J. Davis
*Attorney for Kane County, Utah*

## **CERTIFICATE OF SERVICE**

I certify that on February 5th, 2018, the undersigned electronically filed the foregoing

**KANE COUNTY'S SUPPLEMENTAL BRIEF AND REQUEST FOR FURTHER**

**FINDINGS OF FACT AND CONCLUSIONS OF LAW,** with the Clerk of the Court using

the CM/ECF system which will send  notification of this filing to all counsel of record.


/s/ Shawn T. Welch

10614786_1.docx