JEFFREY H. WOOD, Acting Assistant Attorney General
ANNA K. STIMMEL, Senior Attorney
JOSEPH H. KIM, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
301 Howard Street, Suite 1050
San Francisco, CA 94105
Telephone: (415) 744-6480

JOHN W. HUBER, United States Attorney (#7226)
JOHN K. MANGUM, Assistant United States Attorney (#2072)
111 South Main Street, Suite 1800
Salt Lake City, UT 84111
(801) 524-5682

ATTORNEYS FOR THE UNITED STATES

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY (1), UTAH, a Utah political subdivision, <br><br> Plaintiff, <br><br> and <br><br> THE STATE OF UTAH, <br><br> Intervenor-Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 2:08-CV-00315 CW <br><br> **UNITED STATES OF AMERICA'S RESPONSE TO KANE COUNTY'S SUPPLEMENTAL BRIEF AND REQUEST FOR FURTHER FINDINGS OF FACT AND CONCLUSIONS OF LAW** <br><br> Judge Clark Waddoups |

The United States of America ("United States") hereby responds to Kane County's Supplemental Brief and Request for Further Findings of Fact and Conclusions of Law (ECF No. 315) pursuant to the Court's Docket Orders dated September 5, 2017, September 18, 2017, and

1

January 4, 2018. In sum, the only remaining issues for this Court to resolve are the proper scopes of Skutumpah, Swallow Park/Park Wash, and North Swag roads based on their pre-1976 uses, without including additional widths for unspecified future improvements. Although additional witness testimony may be needed, the United States does not believe that a site visit does not appear to be necessary at this time.

## BACKGROUND

This case, filed in April 2008, concerns certain claims of Kane County and the State of Utah (collectively "Plaintiffs") to rights-of-way across federal land pursuant to Revised Statute 2477 ("R.S. 2477"), 43 U.S.C. § 932.[1] This Court entered an Order quieting title in Kane County and the State of Utah to twelve of the fifteen claimed roads. May 30, 2013 Final Order Quieting Title, ECF No. 247. Kane County, the State of Utah, and the United States cross-appealed this Court's decision. On December 2, 2014, the Court of Appeals for the Tenth Circuit issued an opinion affirming in part, reversing in part, and remanding on "the question of the scope of the R.S. 2477 rights-of-way" of Skutumpah, Swallow Park/Park Wash, and North Swag roads. *Kane Cty. v. United States*, 772 F.3d 1205, 1225 (10th Cir. 2014). On September, 5, 2017, this Court instructed Plaintiffs to file supplemental briefing "informing the court of the effect of the Tenth Circuit's decision in this case" and for the United States to respond. Docket Text Order, ECF No. 293. Specifically, the Court explained that, "[t]he parties' briefing should inform the court

---

[1] R.S. 2477 provides, in its entirety, "the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." The statute was first enacted as Section 8 of the Act of July 26, 1866, entitled "An Act Granting the Right of Way to Ditch and Canal Owners over the Public Lands and for Other Purposes," ch. 262, 14 Stat. 251, 253 (commonly referred to as the Mining Act of 1866). The statute was codified in 1873 as section 2477 upon publication of the Revised Statutes and subsequently recodified in 1938 as 43 U.S.C. § 932. Although R.S. 2477 was repealed in 1976 by the Federal Land Policy and Management Act ("FLPMA"), FLPMA included a saving provision which preserved "any valid" right-of-way "existing on the date of approval of this Act." Pub. L. No. 94-579, § 701(a), 90 Stat. 2743 (uncodified) (discussed in the historic notes to 43 U.S.C. § 1701(a)).

of the issues that remain to be resolved and whether those issues can be decided on the existing record or if further fact finding is necessary. Briefing should also propose a schedule for resolution the remaining issues." *Id.*

## RESPONSE

### I. Issues that Remain to be Resolved

The Tenth Circuit remanded this case for this Court to determine the proper scope of the adjudicated rights-of-way on Skutumpah, Swallow Park, and North Swag roads. The Tenth Circuit determined that remand was necessary because this Court previously (1) "failed to base the North Swag and Swallow Park right-of-way widths on uses that were established as of 1976" and (2) "improperly allowed room for unspecified future improvements to North Swag, Swallow Park and Skutumpah roads." *Kane Cty.*, 772 F.3d at 1223 (citation omitted). The United States agrees with Kane County that the only remaining issues for this Court to resolve are the proper scopes of Skutumpah, Swallow Park/Park Wash, and North Swag roads based on their established pre-1976 uses without including additional width for unspecified future improvements. *Cf.* Kane County's Suppl. Br. & Req. for Further Findings of Fact and Conclusions of Law, ECF No. 315 at 2-3.

### II. Whether Remaining Issues Can be Decided on the Existing Record

The Court must determine the proper scopes of Skutumpah, Swallow Park/Park Wash, and North Swag roads, considering what is reasonable and necessary in light of the pre-1976 uses of the roads. Thus, the relevant questions are: (1) what were the pre-1976 uses of the roads and (2) what width is reasonable and necessary in light of the pre-1976 uses of the roads? As discussed below, while further evidence may be required to resolve these issues, the United States disagrees with Kane County that a site visit is necessary at this time.

#### A. Determining the Proper Scope

"The 'scope' of a right-of-way refers to the bundle of property rights possessed by the holder of the right-of-way. This bundle is defined by the physical boundaries of the right-of-way

as well as the uses to which it has been put." *Sierra Club v. Hodel*, 848 F.2d 1068, 1079 n. 9 (10th Cir. 1988), *overruled in part on other grounds*, *Village of Los Ranchos de Albuquerque v. Marsh*, 956 F.2d 970, 973 (10th Cir. 1992) (emphasis added). "[T]he width of a public road is that which is 'reasonable and necessary under all the facts and circumstances.'" *Kane Cty.*, 772 F.3d at 1223 (quoting *Memmott v. Anderson*, 642 P.2d 750, 754 (Utah 1982)). The determination of what is reasonable and necessary must be made in light of the traditional uses of the right-of-way. *Sierra Club*, 848 F.2d at 1083; *id.* at 1084 ("all uses before October 21, 1976, not terminated or surrendered, are part of an R.S. 2477 right-of-way."); *see also Kane Cty.*, 772 F.3d at 1223 (noting that it is appropriate for this Court to consider state law in determining the appropriate width).

### B. The Existing Record and Possibly Additional Witness Testimony Should Be Sufficient to Resolve the Remaining Issue

The United States believes that the existing record, and, if necessary, some lay and/or expert witness testimony, should provide sufficient information and evidence for the Court to make scope determinations based on the pre-1976 uses of the Skutumpah, Swallow Park/Park Wash, and North Swag roads. As demonstrated by this Court's March 20, 2013 Findings of Fact and Conclusions of Law (ECF No. 236), the existing record contains evidence of the pre-1976 uses of the roads. To the extent that there is not currently enough information in the record to resolve the scope issues, it is unlikely that expending judicial resources on a site visit at this time would be an efficient means of obtaining additional evidence and information. Any additional evidence that may be needed to inform the Court of the widths that are reasonable and necessary in light of pre-1976 uses is more likely to be obtained through lay witnesses with pre-1976 knowledge or expert witnesses in road design and safety than a contemporary site visit.

To the extent the record might need to be supplemented with information on the road widths that are reasonable and necessary in light of pre-1976 uses, that would be better done through lay and expert testimony. Lay witness testimony may provide evidence on pre-1976 uses, to the extent that information is not already in the record. Expert testimony, particularly

4

from witnesses with road design or safety expertise, may address what road widths are reasonable and necessary in light of pre-1976 uses.

Thus, the United States proposes that the parties file briefs identifying facts already in the record that are relevant to the Court's width determination and any additional facts that remain to be developed. After the Court determines whether further fact finding is needed, the United States proposes that it allow for discovery and, after discovery is completed, conduct a hearing on the remaining issues. After such a hearing, if there are still questions to be resolved, a site visit may be appropriate.

### III.   Proposed Schedule for Resolution of Remaining Issues

The United States proposes that the Court set a schedule with deadlines for the following events:

- Plaintiffs to identify the facts already in the record regarding established pre-1976 uses of Skutumpah, Swallow Park/Park Wash, and North Swag roads and respective widths that are reasonable and necessary in light of those uses, and/or identify such facts that remain to be developed.
- United States' response to Plaintiffs' filing.
- Court to issue order on what, if any, further fact finding/evidence is needed.
- Parties submit to Court a joint discovery plan, including potentially phased fact and expert discovery, for topics for which fact finding/evidence is needed.
- Discovery regarding topics on which further fact finding/evidence is needed.
- Prehearing briefing, if necessary.
- Hearing on topics on which further fact finding/evidence is needed and/or conclusions of law to be drawn from the facts.

Respectfully submitted this 20th day of February, 2018.

                JEFFREY H. WOOD
                Acting Assistant Attorney General

                /s/ Anna K. Stimmel

ANNA K. STIMMEL
Senior Attorney
JOSEPH H. KIM
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section

JOHN K. MANGUM
Assistant U.S. Attorney

ATTORNEYS FOR THE UNITED STATES

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 20, 2018, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send notification of the attorneys of record in this case.

                                          */s/*Anna K. Stimmel  
                                          ANNA K. STIMMEL