IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY, UTAH; and STATE OF UTAH,<br><br>               Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | **MEMORANDUM DECISION & ORDER**<br><br><br>Case No. 2:08-cv-315-CW<br><br>District Judge Clark Waddoups |

Before the court is movant Southern Utah Wilderness Alliance's Motion to Intervene (ECF No. 298) and Motion to Supplement Factual Record in Pending Motion to Intervene as Defendants (ECF No. 320). The Motion to Intervene is fully briefed, the time to respond to the Motion to Supplement has passed without response, and the parties have not requested oral argument. Kane County, the State of Utah, and the United States oppose intervention by SUWA. Having considered the briefs, the Motion to Supplement, and otherwise being fully informed, the court DENIES SUWA's Motion to Intervene for the reasons set forth herein.

## Background

SUWA first moved to intervene as a matter of right in this action on November 26, 2008. (ECF No. 28.) After considering full briefing and oral argument, the court denied that motion because "SUWA ha[d] not established the element of having an impaired interest in the litigation" and because SUWA "ha[d] failed to show that its interest in this case are not adequately represented by the United States." (Intervention Order 4, ECF No. 71.) SUWA sought interlocutory appeal of that decision (ECF No. 75), and the Tenth Circuit affirmed this

court's denial of SUWA's motion (Mandate of USCA, ECF No. 118). Without considering "whether SUWA has an interest relating to the quiet title claims alleged in Kane County's first amended complaint that may, as a practical matter, be impaired or impeded by the disposition of the litigation," the Tenth Circuit concluded that "even assuming SUWA has an interest, . . . SUWA has failed to establish that the United States may not adequately represent SUWA's interest." *Kane County v. United States*, 597 F.3d 1129, 1133 (10th Cir. 2010). Therefore, the court concluded SUWA was not entitled to intervene as of right and affirmed this court. *Id.* at 1135–36.

After the Tenth Circuit ruled on intervention, this court held a thirteen-day bench trial and issued findings of fact and conclusions of law. (Final Order, ECF No. 247.) This court quieted title to some, but not all, of the roads Kane County had alleged. (*Id.*) The parties appealed to the Tenth Circuit, which affirmed in part and reversed in part and remanded for this court to reconsider the scope of three roads. *Kane County v. United States of America*, 772 F.3d 1205 (10th Cir. 2014). This court then ordered the parties to file a status report informing the court whether further fact finding is needed. (Status Order, ECF No. 293.) The parties instead sought to stay the court's order because they were working toward resolution. (Motion for Stay, ECF No. 294.) The parties eventually filed separate status reports notifying the court that further fact finding is necessary. (Kane's Supplemental Brief and Request for Further Findings of Fact and Conclusions of Law, ECF No. 315; United States of America's Response, ECF No. 318.) No one has since filed anything with the court suggesting settlement is likely. While the parties were discussing settlement and filing their status reports, SUWA filed the instant motions.

SUWA now argues it is entitled to intervene as a matter of right because "the nature of this proceeding, as well as the United States' litigation position, have both changed" since the previous intervention decisions by this court and the Tenth Circuit. (Motion to Intervene 2, ECF No. 298.) Specifically, SUWA contends "[t]he landscape has . . . changed significantly since [it] last moved to intervene," as a result of "the recent change in administration and the fact that the United States has entered into active settlement discussions in this case" without including SUWA in those discussions. (Motion to Intervene 1, ECF No. 22.) SUWA also argues that the court should reconsider its conclusion that SUWA has no impaired interest. (*Id.* at 2.) Each of the three parties to this litigation object to SUWA's Motion to Intervene.

## Analysis

"Rule 24(a)(2) provides for intervention as of right by anyone who in a timely motion 'claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.'" *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009) (quoting Fed. R. Civ. P. 24(a)(2)). Assuming without deciding that SUWA timely filed its Motion to Intervene, the court denies the Motion because SUWA has not presented circumstances under which this court, exercising its discretion, is compelled to revisit its prior ruling and disregard the ruling of the Tenth Circuit.

The district court has "general discretionary authority to review and revise [its] interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120 n. (10th Cir. 1991); *see also* Fed. R. Civ. P. 54(b). But because of the need for judicial economy,

the court need not reconsider every interlocutory decision a party sees fit to challenge. Typically, "'[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Anderson Living Trust v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 427 (D. N.M. 2015) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). And of course, barring a showing of an exception to the mandate rule, this court will follow the direction of the Tenth Circuit. *See Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132–33 (10th Cir. 2001). SUWA's Motion to Intervene does not directly speak to this court's authority or discretion to revisit previously decided matters. But in response to Kane County's opposition, which emphasizes SUWA's repeated failed efforts to intervene, SUWA points this court to *San Juan County* in which the court contemplated that an initial decision denying intervention "does not forever foreclose . . . intervention" and invited SUWA, as the would-be intervenor, to readdress the issue with the court "[i]f developments after the original application for intervention undermine the presumption that the Federal Defendants will adequately represent [their] interests." 503 F.3d 1163, 1207 (10th Cir. 2007) (en banc). (SUWA's Reply 8, ECF No. 316.) Regardless, SUWA has not shown a change in circumstances that would alter this court's denial of intervention.

SUWA alleges that intervention is now proper because it has an interest that could be impaired and because the United States no longer represents its interests. First, SUWA alleges intervention is now proper despite the court's prior order because under *San Juan County* SUWA has an interest that may be impaired by this litigation and because SUWA's interest in preserving the wilderness characteristic of the lands surrounding the rights of way could be impaired by

"[a]ny scope settlement that is not tightly correlated with reliable evidence as to pre-1976 uses and widths." (Motion to Intervene 8–10, ECF No. 298.) Whether an interest that would satisfy the requirements of Rule 24(a)(2) and (3) exists is a fact specific inquiry, *see San Juan County*, 503 F.3d at 1199, and this court has previously distinguished the facts of the relevant roads in Kane County from the road at issue in *San Juan County*. On appeal, the Tenth Circuit did not reach the impaired interest issue and instead "[p]roceed[ed] directly to" the fourth element of Rule 24(a) and "conclude[d] that, even assuming SUWA has an interest in the quiet title proceedings at issue" that SUWA should not be permitted to intervene. *Kane County*, 597 F.3d at 1133. This is hardly a decision on the merits that should prompt this court to revisit its prior decision.

And SUWA's argument that the issue of scope is distinct from the issue of title is unavailing. While a minority of the en banc court in *San Juan County* indicated that, under the circumstances of that case, scope may be viewed different than title for purposes of the impaired interest analysis, the Tenth Circuit made clear in its intervention decision in this case that "*San Juan County* does not mandate a particular outcome in this case." 597 F.3d at 1134. In fact, scope is inherent in the quiet title process because as a practical matter the court cannot quiet title to an undefined property. As such, this court decided issues of scope in its quiet title decision. Therefore, where the issues before the court and the applicable law are the same as they were when the initial decision was rendered, the court declines to revisit the question of impaired interest. SUWA has not met its burden and for this reason is not entitled to intervention as of right.

Second, SUWA claims that the United States no longer adequately represents its interests because the issue in this litigation is no longer a binary question of title but a multifaceted question of scope and because the new administration has expressed willingness to engage in settlement negotiations in this and other R.S. 2477 cases. The court is unpersuaded by these arguments. As discussed, scope is inherent in the issue of quiet title and *San Juan County* does not mandate the outcome of this case. Further, while scope can be defined in multiple ways, there is no reason on this record to believe the United States would advocate for anything other than retention of the maximum amount of property. In *Western Energy Alliance v. Zinke*, 877 F.3d 1157 (10th Cir. 2017), upon which SUWA relies for the proposition that a change in administration may justify intervention, the court determined the United States did not represent the interests of the environmental groups seeking to intervene. But the *Western Energy Alliance* court distinguished the *Kane County* intervention decision from cases in which "the government has multiple objectives." *Id.* at 1169. Whereas the cases *Western Energy Alliance* relies on involve government regulations issued for resource management purposes where the relevant agency was acting under a multiple-use mandate, *id.*, here the question is title to real property and the scope of that property for purposes of quieting title. Unlike in *Western Energy Alliance*, SUWA has not set forth any actual competing interests or motivations that would cause the United States to take a position other than advocating for the narrowest possible right of way.

And the allegation that the United States has softened its litigation position as a result of the change in administration is unsupported by any evidence other than statements by the parties that settlement may be possible. Where the terms of any proposed settlement are unknown, the mere possibility of settlement cannot support a conclusion that one of the parties has abdicated

its positions.[1] And even though there may have been efforts to settle this dispute, the record does

not support SUWA's claims. Despite the parties' previous statements that a settlement may be

possible, they later filed status reports in which they represented that further fact finding is

necessary for the resolution of the matter. (Kane's Supplemental Brief and Request for Further

Findings of Fact and Conclusions of Law, ECF No. 315; United States of America's Response,

ECF No. 318.) This indicates to the court that a settlement is not as likely as SUWA suggests.

Further, SUWA references the other R.S. 2477 litigation as evidence of possible settlement, but

in those cases the United States continues to actively litigate and is currently engaged in the

discovery process. Without a showing that the United States has an incentive to advocate for less

than its full rights to the real property at issue or a showing that, regardless of incentives, it has

abandoned that position, the court cannot on speculation alone conclude that the United States is

no longer adequately representing SUWA's interests in limiting each right of way. Given the

presumption that the United States will represent the good of the public, the court cannot

conclude on this record that the United States will do anything other than continue to fully

litigate this action.

For these reasons, the court is not persuaded that there has been a change in

circumstances justifying a change in the court's prior intervention decision. Therefore, SUWA's

Motion to Intervene is DENIED.

---

[1] The court also concludes that the possibility of settlement cannot alone be a basis for permitting intervention
because the Tenth Circuit has made clear an intervenor cannot veto a settlement agreement reached by the parties.
*San Juan County*, 503 F.3d at 1189 ("In particular, we should mention again that an intervenor has no power to veto
a settlement by other parties."). Therefore, to conclude that the possibility of settlement requires that SUWA should
be permitted to participate in litigation is unworkable because, regardless of its intervention status, SUWA would
have no recourse to avoid the settlement.

DATED this 21st day of August, 2018.

BY THE COURT:

Clark Waddoups
United States District Judge