IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY (1), UTAH, and STATE OF UTAH,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE and THE WILDERNESS SOCIETY,<br><br>    Intervenor-Defendants. | Case No 2:08-cv-00315-CW<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>Judge Clark Waddoups |

This matter is before the court on a Motion to Consolidate filed by the State of Utah and Kane County, Utah (collectively "Plaintiffs"). In *Southern Utah Wilderness Alliance v. United States Bureau of Land Management*, 2:20-cv-539 (D. Utah 2020) (hereinafter "*Bull Valley Gorge*"), SUWA contends the BLM violated the law because it allowed Plaintiffs to install a bridge on the Skutumpah Road without first determining the scope of Plaintiffs' adjudicated R.S. 2477 right-of-way. Because the scope of that same right-of-way is being determined in this matter, Plaintiffs contend the two cases should be consolidated. Based on the present posture of *Bull Valley Gorge*, the court concludes consolidation is not warranted at this time. Accordingly, it denies without prejudice Plaintiffs' motion.

## FACTUAL BACKGROUND

In March 2019, Skutumpah Road closed at the Bull Valley Gorge in southern Utah when the bridge across the gorge collapsed.  On July 29, 2020, SUWA filed suit against the BLM because it allowed Kane County to install a replacement bridge across the gorge.  *See* Complaint, at 2 (ECF No. 2 in Case No. 2:20-cv-539).[1]  The BLM allowed the replacement without determining scope of Plaintiffs' right-of-way or conducting an analysis under the National Environmental Policy Act ("NEPA") because it concluded the bridge replacement constituted maintenance or repair.  According to SUWA, the BLM's conclusion was arbitrary and capricious.

SUWA asserts the bridge replacement constituted an improvement versus mere maintenance or repair because, among other things, "the former bridge was made of packed dirt" and the new "bridge has concrete footings [and] a metal travel surface."  *Id.*  Because SUWA contends the bridge was an improvement, it asserts throughout its Compliant that the "BLM must determine if the improvement is within the scope of [Plaintiffs'] right-of-way," or words to similar effect.  *See e.g.*, *id.* at 13, 14.  It also contends the BLM violated the Federal Land Policy and Management Act and NEPA by failing to conduct the proper analyses.

Plaintiffs hold title to an R.S. 2477 right-of-way for the Skutumpah Road and Kane County conducts the maintenance and repair of the road.  Although title was quieted in favor of Plaintiffs, the scope (i.e., the outside boundary lines) of their right-of-way has not been determined.  Scope of the right-of-way is the issue presently pending before this court.  Because SUWA also raised the issue of scope in *Bull Valley Gorge*, Plaintiffs have moved to consolidate the two cases.

---

[1]  When the court cites to a page in the record, it refers to the ECF pagination at the top of the page and not to pagination at the bottom of the page.

Plaintiffs also note that SUWA did not name Plaintiffs as a party in *Bull Valley Gorge* and contend they are an indispensable party.

## ANALYSIS

I. **CONSOLIDATION UNDER RULE 42 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

"Consolidation of cases is permitted as a matter of convenience and economy, even though consolidation does not merge separate suits into one cause of action." *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982); *but see Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (noting "[d]istrict courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases" and may therefore "consolidate cases for 'all purposes' in appropriate circumstances"). Because cases typically retain "their independent character" after consolidation, the benefit of consolidation occurs when there is "a common question of law or fact." *Hall*, 138 S. Ct. at 1125; Fed. R. Civ. P. 42(a).

*Bull Valley Gorge* does raise the issue of scope. SUWA contends the BLM violated the law because it did not determine if the new bridge falls within the scope of Plaintiffs' right-of-way. Although scope is raised, scope is not being determined in *Bull Valley Gorge* at the present time. Instead, the issues are whether the BLM acted in an arbitrary and capricious manner when it concluded that the new bridge constituted maintenance or repair rather than an improvement, and whether the BLM violated NEPA. Opening Brief, at 9 (ECF No. 19 in Case No. 2:20-cv-539). If the issues are decided in SUWA's favor, SUWA seeks remand to the BLM and an injunction requiring the BLM to determine scope. Complaint, at 17 (ECF No. 2 in Case No. 2:20-cv-539). If the issues are not decided in SUWA's favor, scope will not be addressed.

This means were the court to consolidate *Bull Valley Gorge* in its present posture, it would not be determining scope. Instead, it would be deciding if the BLM acted arbitrarily and capriciously because it did *not* determine scope. A common question of law or fact is therefore lacking presently.

## II.     CONSOLIDATION UNDER LOCAL RULE 42-1

As stated above, a district court has substantial discretion in deciding whether to consolidate a case. Local Rule 42-1 addresses consolidation from a perspective of maximizing judicial efficiency and economy. The rule recognizes consolidation may occur when cases involve substantially the same parties; substantially the same transaction, event, or questions of law; or "for any other reason [that] would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges." DUCivR 42-1(a)(1)–(2), (4)–(5).

It does appear the cases involve *substantially* the same parties.[2] Nevertheless, at this stage of the case, there is not a substantial duplication of labor because the *Bull Valley Court* is not determining scope. It has a separate analysis and standard before it.

The court recognizes, however, that SUWA has asked the *Bull Valley Gorge* court to retain jurisdiction of the case *if* it remands the matter. This court further recognizes that *if* the *Bull Valley Gorge* case is remanded, the scope of Plaintiffs' right-of-way will be squarely at issue. At that point, consolidation of the cases may be warranted because there will be common issues of law

---

[2] Plaintiffs have asserted the parties actually should be *identical* because they are the right-of-way holder for Skutumpah Road and owner of the bridge at issue. Consequently, they contend SUWA should have named them in the *Bull Valley Gorge* case. The court does not reach the issue, and therefore denies as moot SUWA's motion to file supplemental briefing on whether Plaintiffs are an indispensable party in *Bull Valley Gorge*.

and facts, and duplication of labor. There are too many "ifs" presently, though, to warrant consolidation.

## **CONCLUSION**

For the reasons stated above, or for good cause otherwise appearing, the court HEREBY ORDERS:

1. Plaintiffs' Motion for Expedited Consideration (ECF No. 343) is GRANTED;

2. Plaintiffs' Motion to Consolidate Cases (ECF No. 332) is DENIED WITHOUT PREJUDICE; and

3. SUWA's Motion for Leave to File Surreply (ECF No. 344) is DENIED AS MOOT.

DATED this 3rd day of May, 2021.

BY THE COURT:

_____
Clark Waddoups
United States District Judge