IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY, UTAH (1), and STATE OF UTAH,<br><br>    Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>    Intervenor-Defendants. | Case No. 2:08-cv-315<br><br>**ORDER LIFTING STAY<br>AND MEMORANDUM DECISION<br>TO TRANSFER RELATED CASE**<br><br>Judge Clark Waddoups |

This matter is before the court on a Motion to Lift Stay. Plaintiffs assert new circumstances have arisen that warrant lifting the stay. The change in circumstances also raises a related issue about whether the *Southern Utah Wilderness Society v. United States Bureau of Land Management*, 2:20-cv-539-JCB (hereinafter "*Bull Valley Gorge*") case should be transferred to this judge. The court held hearings on September 30, 2021 and October 1, 2021 and heard oral argument on these issues, with all parties in both cases participating. For the reasons stated below, the court grants the Motion to Lift Stay. The court also orders that the *Bull Valley Gorge* case be transferred to this judge as the presiding judge in the lower-numbered related case.

**FACTUAL BACKGROUND**

In this case, after a full trial on the merits, the court found Plaintiffs have a R.S. 2477 right-of-way over three roads, one of which is called Skutumpah. The R.S. 2477 finding was upheld on appeal, but on remand from the United States Tenth Circuit Court of Appeals, this court has been

directed to determine the scope of the three roads. Because Plaintiffs have an adjudicated R.S. 2477 right-of-way in the three roads, the determination on scope was not as urgent as the matters pending in *Kane County (2) v. United States*, 2:10-cv-1073. Accordingly, the court stayed this case, in part, so resources could be devoted by the parties and the court to the *Kane County (2)* case.

A stretch of Skutumpah has a bridge that crosses Bull Valley Gorge. In 1954, a truck went over the bridge and became tightly wedged in the slot canyon. Earthen materials were filled in over the truck to rebuild the bridge after the accident. In about March 2019, a flash flood washed away approximately eighty percent of the bridge, and that stretch of Skutumpah had to be closed. Skutumpah has served as an important road between two communities for many years.

In 2020, Kane County submitted plans to the BLM for a reengineered bridge that is both wider and constructed of different materials. The parties engaged in consultation, which is detailed in the *Bull Valley Gorge* record. Thereafter, the Bureau of Land Management ("BLM") concluded the bridge replacement constituted maintenance rather than an improvement, and informed Kane County it did not oppose the project. The county then installed the bridge.

Upon learning about the BLM's decision, the Southern Utah Wilderness Alliance ("SUWA") filed the *Bull Valley Gorge* suit on the bases that the BLM had misclassified the nature of the project and failed to conduct a necessary analysis under the National Environmental Policy Act ("NEPA"). In SUWA's briefing, it stated, "The County installed the bridge without consulting with BLM about the scope of its R.S. 2477 right-of-way or obtaining a Title V right-of-way." Opening Brief, at 31 (ECF No. 19 in Case No. 2:20-cv-539). It further stated it did "not concede the new bridge was . . . within the scope of the R.S. 2477 right-of-way." *Id.* at 36 n.11.

2

On July 30, 2021, the *Bull Valley Gorge* court issued a memorandum decision that focused on NEPA requirements when a proposed road project is near a wilderness study area ("WSA"). *See generally*, Mem. Dec. (ECF No. 31 in Case No. 2:20-cv-539). The court did not address how scope considerations may interplay with that analysis on remand.

When the *Bull Valley Gorge* case is remanded, it will not end the case. The record will be reopened as the BLM contemplates whether the bridge causes unnecessary or undue degradation of a WSA. Kane County, as the property owner, will be part of such review on remand and has raised the issue of the bridge being within the scope of its right-of-way. If a NEPA study concludes that a project causes unnecessary or undue degradation of a WSA, the BLM will be required to determine if an alternative exists where such degradation is mitigated. When considering alternatives, the width, height, construction materials, angle of approach, load bearing weight, and other such factors must be considered for safety purposes. Determinations of scope in *Kane County (1)* involve the same or similar issues. This will be a duplication of labor and risks inconsistent results.

Additionally, the parties in this case have already raised the issue that more litigation may occur when the BLM completes its new review in the *Bull Valley Gorge* case. From the outset, SUWA has asked the *Bull Valley Gorge* court to "[r]etain jurisdiction of this action to ensure compliance with its decree." Complaint, at 18 (ECF No. 2:20-cv-539). To avoid similar and related issues going before yet another judge in this district, the request to retain jurisdiction over the case on remand was reasonable. Such retention means when scope is raised on remand, it will be an express issue in the *Bull Valley Gorge* case.

With this background in mind, the court now addresses the Motion to Lift Stay and whether the *Bull Valley Gorge* case should be transferred to this judge.

## ANALYSIS

**I.      MOTION TO LIFT STAY**

The court held hearings to address the Motion to Lift Stay and the interplay between this case and the *Bull Valley Gorge* case. The parties[1] have mutually agreed that the stay should be lifted, but they differ on the reasons why the stay should be lifted. The court has considered the differing reasons and concludes that lifting the stay is appropriate. Accordingly, the court grants the Motion to Lift Stay (ECF No. 348).

On or before October 22, 2021, the court directs the parties to meet and confer about how *Kane County (1)* shall proceed. If the parties reach agreement, they shall submit a joint report to the court. If the parties are not able to reach agreement, they should file separate reports identifying their respective positions. The court will hold a Scheduling Conference to resolve any disputed procedural issues.

**II.     CASE TRANSFER**

After SUWA filed the *Bull Valley Gorge* case, Plaintiffs in this case moved for the *Bull Valley Gorge* case to be consolidated into this case. Mot. to Consolidate (ECF No. 332 in Case No. 2:08-cv-315). It did so on the grounds that the parties were substantially similar and the property at issue was identical. It asserted both cases involve the issue of scope, which this court

---

[1] Because SUWA has been permitted to intervene as of right, the court includes SUWA when it refers to "the parties" in *Kane County (1)*.

4

has been directed to address by the Tenth Circuit. To avoid duplication of labor, Plaintiffs asserted consolidation was needed.

*Bull Valley Gorge* is an Administrative Procedures Act case where the record is complete on the particular issue of whether the BLM reached a correct conclusion. Because that was the posture at the time of the Motion to Consolidate, this court denied the motion without prejudice. Mem. Dec., at 3–4 (ECF No. 345). It stated, however, that if the BLM's decision were reversed and scope became an issue, consolidation may then be warranted. *Id.* at 4–5. Such reversal has now occurred, and the BLM must engage in more analysis.

Nevertheless, the court is not persuaded that consolidation of the two cases is the appropriate procedural posture. Instead, transfer of the *Bull Valley Gorge* case appears a better vehicle to preserve the unique posture of both cases while still managing the issues that overlap between them. Local rule DUCivR 83-2(g) permits a court to *sua sponte* raise the issue of transfer. *See also Medical Components, Inc. v. C.R. Bard, Inc.*, Case no. 2:17-cv-1047, 2018 WL 1470572, at *2 (Mar. 23, 2018) (stating "[a] judge in our district can raise such a transfer sua sponte"). Following the hearing on October 1, 2021, pursuant to DUCivR 83-2(g), the court conferred with the judge in the *Bull Valley Gorge* case about the potential transfer, who recognized and understood the factors supporting transfer.

The local rule on consolidation sets forth five factors to consider when determining if consolidation is appropriate. *See* DUCivR 42-1(a). Those factors have already been briefed and considered by the court. The same or similar factors apply when determining if a case should be transferred. *See* DUCivR 83-2(g). The transfer rule then adds further factors for consideration. *Id.* Applying such factors, the court concludes both cases involve the same property and

5

substantially the same parties. Both cases call for a determination of substantially related questions of law and fact based on the present posture of the *Bull Valley Gorge* case. Two different judges addressing issues of law and fact not only will result in duplication of effort, but there is the risk of inconsistent outcomes and directives that may leave the parties with conflicting orders. Finally, the court concludes that Plaintiffs' initial request for the case to be heard by the same judge has not been brought for an improper purpose. Although not an express factor, the court also notes that transfer of the *Bull Valley Gorge* case to this judge will help facilitate scheduling issues in the two cases.

## CONCLUSION AND ORDER

For the reasons stated above, the court GRANTS the Motion to Lift Stay in *Kane County (1) v. United States* (ECF No. 348 in Case No. 315). The court ORDERS that the *Southern Utah Wilderness Society v. United States Bureau of Land Management*, 2:20-cv-539-JCB case be transferred to this judge.

The court further ORDERS that the parties meet and confer about how the *Kane County (1)* case shall proceed now that the stay has been lifted. The parties shall file a report on or before **October 22, 2021** about the outcome of the meeting and inform the court if a Scheduling Conference is needed.

Once the *Bull Valley Gorge* case is transferred, the court will determine if a Status Conference is needed in that case.

SO ORDERED this 1st day of October, 2021.

BY THE COURT:

_____
Clark Waddoups
United States District Judge