| | |
|---|---|
| Shawn T. Welch (7113) | Kathy A.F. Davis (4022) |
| Richard D. Flint (7525) | K. Tess Davis (15831) |
| Michelle Quist (13559) | Assistant Attorneys General |
| HOLLAND & HART LLP | SEAN D. REYES (7969) |
| 222 South Main, Suite 2200 | Utah Attorney General |
| Salt Lake City, UT 84101 | 1594 W. North Temple, Ste. 300 |
| Telephone: 801-799-5800 | Salt Lake City, UT 84116 |
| stwelch@hollandhart.com | Telephone: (801) 537-9801 |
| rdflint@hollandhart.com | kathydavis@agutah.gov |
| mlquist@hollandhart.com | kaitlindavis@agutah.gov |
| *Attorneys for Kane County, Utah* | *Attorneys for the State of Utah* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY (1), UTAH a Utah political subdivision,<br><br>    Plaintiff,<br><br>STATE OF UTAH,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE and THE WILDERNESS SOCIETY,<br><br>    Defendant-Intervenors. | **KANE COUNTY, UTAH'S AND THE STATE OF UTAH'S REPLY IN SUPPORT OF MOTION FOR PARTIAL DECISION**<br><br>Case No. 2:08-cv-00315-CW<br><br>Judge Clark Waddoups |

    Plaintiff Kane County, Utah ("County") and Plaintiff-Intervenor the State of Utah ("State") submit their Reply in Support of Motion for Partial Decision.

    The United States agrees that this case "is ready to move on to a decision." United States' Response to Plaintiffs' Motion for Partial Decision (ECF 429), at 2. Thus, there is no

impediment to the Court granting the limited relief requested in the motion. Nevertheless, the United States somehow believes that further delay is warranted because "issuing only a partial decision could complicate BLM's subsequent consideration of the Skutumpah Road Project." *Id*. at 3. "That is, if the Court were to conclude that [the] Project is both reasonable and necessary, the United States would then need to determine whether there are appropriate alternatives that would serve to better protect the lands while still meeting the necessity for the proposed improvement." *Id*.

There are two obvious flaws in that argument. First, if the BLM is going to try to further delay the Skutumpah Road Project by invoking some other pro forma deliberative process, then it would be better to get to that now. Second, the County *already* completed its full consultation with the BLM, including meetings, exchanges of information, and substantive environmental review. The consultation has concluded. BLM has had the full opportunity to consult regarding the Skutumpah Road Project and the BLM (through several witnesses and documents) agreed that the project is reasonable. Unfortunately, unknown persons in the Washington, D.C. office of the BLM ordered Harry Barber to find that it was not necessary.

As Mr. Barber confirmed at trial, he is not a manager here. Someone above him made the decision. Given that the BLM's decision already came from Washington, D.C., there cannot be a higher-level of review to be made regarding a minor road project on common public lands in southern Utah.

As squarely held by the Tenth Circuit, there are common interests at play and "one party cannot serve as the sole judge of scope and extent, or as the sole arbiter of what is 'reasonable and necessary.'" *So. Utah Wilderness Alliance v. Bureau of Land Management*, 425 F.3d 735, 747 (10th Cir. 2005) (citation omitted). As further held by the Tenth Circuit, the United States

"may not use its authority, either by delay or by unreasonable disapproval, to impair the rights of the holder of the R.S. 2477 right-of-way. In the event of disagreement, the parties may resort to the courts." *Id*. at 748. The parties have resorted to this Court, and the United States agrees there is no impediment to the Court's ability to render its decision.

The United States' obstructionism continues to interfere with the rights of the holders of the R.S. 2477 right-of-way for the Skutumpah Road. Surely, if the United States were suffering increased maintenance costs, as the County has, it would seek to expedite resolution of the Skutumpah Road Project. Compensation to the County caused by the United States' interference will be addressed later.

WHEREFORE, the State and County respectfully request the Court to issue a partial decision determining whether the Skutumpah Road Project is reasonable and necessary, and therefore within the scope of the State's and County's R.S. 2477 right-of-way.

DATED this 20th day of June 2024.

        HOLLAND & HART LLP

        */s/ Shawn Welch*
        Shawn T. Welch
        Richard D. Flint
        Michelle Quist

        *Attorneys for Kane County, Utah*

        UTAH ATTORNEY GENERAL'S OFFICE

        */s/ Kathy A.F. Davis\**
        Kathy A.F. Davis
        Kaitlin Tess Davis

        *Attorneys for the State of Utah*

        \* Signed with permission given to filing counsel

32232738_v1