MANNING CURTIS
BRADSHAW & BEDNAR PLLC
Mitch M. Longson (15661)
Trevor J. Lee (16703)
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 363-5678
mlongson@mc2b.com
tlee@mc2b.com

SOUTHERN UTAH
WILDERNESS ALLIANCE
Stephen H.M. Bloch (7813)
Hanna C. Larsen (18458)
425 East 100 South
Salt Lake City, UT 84111
Telephone: (801) 486-3161
steve@suwa.org
hanna@suwa.org

*Attorneys for Defendant-Intervenors*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

KANE COUNTY (1), UTAH, a Utah political subdivision,
*Plaintiff,*

STATE OF UTAH,
*Plaintiff-Intervenor,*

v.

UNITED STATES OF AMERICA,
*Defendant,*

SOUTHERN UTAH WILDERNESS ALLIANCE and THE WILDERNESS SOCIETY,
*Defendant-Intervenors.*

**DEFENDANT-INTERVENORS' SUGGESTED CORRECTIONS AND OBJECTIONS TO THE TENTATIVE MEMORANDUM DECISION (ECF 441)**

Case No. 2:08-cv-00315-CW

Judge Clark Waddoups

Defendant-Intervenors Southern Utah Wilderness Alliance and The Wilderness Society (together, "SUWA") file these suggested corrections and objections to the Tentative Memorandum Decision (the "Tentative Decision"). SUWA previously filed its post-trial brief and proposed findings and conclusions and incorporates, but does not repeat, arguments or issues from those filings here.[1] SUWA disagrees with the Tentative Decision wherever it rules against those positions.

[1] ECF 421; ECF 422. Page cites to filings are to ECF page numbers.

SUWA asks the Court to correct three statements that attribute to SUWA positions it did not take:

1. The Court stated that "there is no dispute that the Proposed Project is reasonable."[2] SUWA disputed that the paving project is reasonable and argued that Plaintiffs offered no evidence that paving is reasonable or necessary.[3]
2. The Court stated that "[a]ccording to the United States and SUWA, an improvement project is necessary only when the traveling public can no longer continue use of the road as it has been used historically."[4] SUWA did not argue that an improvement is necessary only when the public can no longer use the road. It argued that Plaintiffs offered no evidence of a safety need.[5]
3. The Court stated that in *Southern Utah Wilderness Alliance v. U.S. Department of the Interior*, SUWA conceded that the Bureau of Land Management ("BLM") "'could have rationally approved the [Burr Trail] project,' if the Burr Trail was an R.S. 2477 road," and extrapolated that "SUWA recognized the Burr Trail improvement project was reasonable and necessary."[6] SUWA did not concede that the Burr Trail project was reasonable and necessary, or that the standard BLM applied there is the governing legal test.[7]

---

[2] ECF 441 at 73.

[3] ECF 421 at 31, 37 ("Plaintiffs have failed to prove that any post-1976 improvements, including the Skutumpah paving project are reasonable or necessary.").

[4] ECF 441 at 73; *id.* at 28–29 ¶ 96.

[5] ECF 421 at 30–32 (explaining that "Plaintiffs have failed to introduce any evidence to demonstrate the paving project is either reasonable or necessary for safety.").

[6] ECF 441 at 77 (citing *S. Utah Wilderness All. v. U.S. Dep't of the Interior*, 44 F.4th 1264, 1267 n.6 (10th Cir. 2022)).

[7] *S. Utah Wilderness All.*, 44 F.4th at 1267 n.6 ("At oral argument, SUWA's counsel stated that '[i]f it were the case that BLM had examined *Hodel*, and then examined which facts applied to the Stratton Segment, and concluded that those relevant facts under the current legal standard are sufficient to establish an R.S. 2477 right-of-way, that *may* be rational.'"

SUWA also objects to the following grounds, which no party briefed:

1. The 1950 commission minutes and the presumption of statutory width. A county resolution cannot enlarge a federal grant, and a state-law presumption does not measure it.[8]

2. The Burr Trail standard, and reliance on Class B status, state funding, and American Association of State Highway and Transportation Officials ("AASHTO") standards. The governing test is whether an improvement is reasonable and necessary to ensure safety, in light of the right-of-way's traditional uses before October 21, 1976.[9]

3. Judicial notice of BLM's Environmental Assessment, and use of BLM's findings in it as evidence of the facts they describe.[10]

4. The distinction between falling within the Grand Staircase-Escalante National Monument and falling within a sensitive land area. SUWA reserves its position, including the effect of any later change to the Monument's boundaries.[11]

5. The reasoning that *San Juan County* turns only on how many people used the road and that "everyone was a permissive user." SUWA preserved its position that use under a

(emphasis added) (citing Oral Argument Tr. at 7:09–7:31)); *see id.* at 1270 n.10, 1272 n.12 (noting that SUWA argued to BLM and the district court that BLM had not adequately analyzed whether the project was "reasonable and necessary," and that those issues were not raised on appeal).

[8] ECF 441 at 64–66 (citing *Hunsaker v. State*, 509 P.2d 352, 354 (Utah 1973)); *see Kane County v. United States*, 772 F.3d 1205, 1223 (10th Cir. 2014).

[9] ECF 441 at 74–82; *Kane County*, 772 F.3d at 1223.

[10] ECF 441 at 4; *id.* at 23–27 ¶¶ 82–93; *id.* at 81; Fed. R. Evid. 201(b), (e).

[11] ECF 441 at 6 n.7.

private right or a federal permit is not public use.[12]

## CONCLUSION

SUWA asks the Court to correct the statements listed above and not to adopt the grounds listed above in any final decision.

November 19, 2026.

**MANNING CURTIS**
**BRADSHAW & BEDNAR PLLC**

/s/ Trevor J. Lee

MITCH M. LONGSON
TREVOR J. LEE

**SOUTHERN UTAH WILDERNESS ALLIANCE**
STEPHEN H.M. BLOCH
HANNA C. LARSEN

*Attorneys for Defendant-Intervenors Southern Utah Wilderness Alliance and The Wilderness Society*

[12] ECF 441 at 56–58; ECF 421 at 11; *San Juan County v. United States*, 754 F.3d 787, 800 (10th Cir. 2014); *see S. Utah Wilderness All. v. Bureau of Land Mgmt.*, 425 F.3d 735, 768–69 (10th Cir. 2005).